S05A0856. MARTIN v. BARRETT.
(619 SE2d 656)

CARLEY, Justice.

In 1998, Michael Barrett was convicted of aggravated child molestation and two counts of cruelty to children. He was represented by two attorneys who served as public defenders. Barrett's lead attorney at trial, Katie Anderson, also represented him on appeal. The Court of Appeals affirmed in an unpublished opinion. *Barrett v. State*, 244 Ga. App. XXV (2000). In 2002, Barrett filed a petition for writ of habeas corpus, based on the alleged ineffective assistance of counsel at trial and on appeal. The habeas court granted relief, finding that Ms. Anderson was notified prior to trial that Barrett had been hospitalized for treatment of mental illness, but neither of his attorneys obtained the records or requested an evaluation of him by a mental health expert. The habeas court further found that this failure to investigate was the result of inattention rather than strategic choice and that, but for this deficient performance, a reasonable probability exists that Barrett would have been found legally insane at the time of the crimes, incompetent to stand trial, or guilty but mentally ill. The Warden appeals pursuant to OCGA § 9-14-52 (c).

In order to prevail on his claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), Barrett "must show both deficient performance by trial counsel and actual prejudice. [Cits.]" *Head v. Taylor*, 273 Ga. 69, 71 (3) (538 SE2d 416) (2000). "On appeal, we accept the habeas court's factual findings unless clearly erroneous, but we independently apply the relevant legal principles to the facts. [Cit.]" *Head v. Taylor*, supra. The Supreme Court of the United States recently reaffirmed the principles of *Strickland* as they relate to defense counsel's decisions regarding investigation:

> "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.

In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." [Cit.]

*Wiggins v. Smith*, 539 U. S. 510, 521-522 (II) (A) (123 SC 2527, 156 LE2d 471) (2003). See also *Rompilla v. Beard*, ___ U. S. ___ (125 SC 2456, 162 LE2d 360) (2005).

In death penalty cases, both the Supreme Court of the United States and this Court have upheld the grant of habeas relief based upon trial counsel's insufficient investigation of the defendant's mental health as a possible source of mitigating evidence in the sentencing phase. *Wiggins v. Smith*, supra; *Head v. Thomason*, 276 Ga. 434, 435 (1) (578 SE2d 426) (2003); *Turpin v. Lipham*, 270 Ga. 208, 212 (3) (B) (510 SE2d 32) (1998); *Turpin v. Christenson*, 269 Ga. 226, 234 (12) (B) (497 SE2d 216) (1998). See also *Rompilla v. Beard*, supra. In a non-capital case, a decision to forego or curtail the investigation of the accused's mental health is not as likely to be unreasonable. See *Stephens v. Kemp*, 846 F2d 642, 653 (III) (11th Cir. 1988). Ordinarily, the lack of investigation into a previous mental hospitalization is reasonable when an expert has determined that the defendant is fit to stand trial or that he was sane at the time of the offense. *Stephens v. Kemp*, supra; *People v. Fields*, 557 NE2d 629, 634 (Ill. App. 1990). In the absence of such determination, however, "where a defense attorney has received information from a reliable source that his client has had a history of psychiatric problems, but failed to adequately investigate this history, counsel failed to provide effective assistance. [Cits.]" (Emphasis omitted.) *Brown v. Sternes*, 304 F3d 677, 694 (III) (B) (1) (7th Cir. 2002). A clear majority of the federal circuits have addressed the issue and "arrived at the same conclusion. [Cits.]" *Brown v. Sternes*, supra.

In *Head v. Taylor*, supra at 80-82 (2), the defendant's mental illness was an issue not only in the sentencing phase, but also at a competency hearing and during the guilt phase. There, we held that the defense attorneys' investigation was inadequate, because they failed to obtain readily available jail records which were relevant to that issue. If *Taylor* and *Brown* represent instances of ineffective assistance, then the case now before us, "where counsel did no investigation whatsoever, must be. . . . It must be a very rare circumstance indeed where a decision not to investigate would be 'reasonable' after counsel has notice of the client's history of mental problems." *Bouchillon v. Collins*, 907 F2d 589, 597 (II) (B) (5th Cir. 1990).

The Warden relies only on the testimony of Barrett's trial attorneys that their discussions with him indicated that he was in good mental health. However,

> [w]here a condition may not be visible to a layman, counsel cannot depend on his or her own evaluation of someone's sanity *once he has reason to believe an investigation is warranted* because, where such a condition exists, the defendant's attorney is the sole hope that it will be brought to the attention of the court. (Emphasis in original.)

*Bouchillon v. Collins*, supra. Here, Barrett's attorney knew of his recent hospitalization and treatment for a mental illness. Thus, defense counsel in this case could not reasonably conclude "that further investigation would have been fruitless." *Wiggins v. Smith*, supra at 525 (II) (B) (1). An attorney's failure to investigate is unreasonable where, as the habeas court found to be the case here, it resulted from inattention, and not from reasoned strategic judgment. *Wiggins v. Smith*, supra at 526 (II) (B) (1), 534 (II) (B) (3). We recognize that public defenders work "under difficult conditions. It is very often a thankless undertaking. Nevertheless, there is a duty to investigate which cannot be abridged because counsel is only appointed, not retained." *Bouchillon v. Collins*, supra. Since the evidence supports the finding that such duty was not fulfilled in this case, the habeas court did not err in concluding that the performance of Barrett's lawyers was deficient.

With respect to the prejudice prong, the habeas court found that readily available psychiatric records show that Barrett suffers from a form of Bipolar I Disorder which includes psychotic episodes of auditory and visual hallucinations. The only expert to testify at the habeas hearing was a properly qualified psychiatrist who reviewed Barrett's medical records and examined him. Although this expert's testimony related to Barrett's mental state years earlier and was not definitive, it nevertheless supported the habeas court's finding of a reasonable probability that, under the appropriate legal standards, Barrett might have been found to be incompetent to stand trial, legally insane at the time of the crimes, or guilty but mentally ill. We understand that psychiatry is an imprecise and imperfect science at best. *Brown v. Sternes*, supra at 696, 698 (III) (B) (2). However, Barrett's "burden is to show only 'a reasonable probability' of a different outcome, not that a different outcome would have been certain or even 'more likely than not.' [Cit.]" *Schofield v. Gulley*, 279 Ga. 413, 416 (I) (A) (614 SE2d 740) (2005).

Usually this "what may have been" strategy does nothing more than confirm the truism, irrelevant from an ineffectiveness standpoint, that everything is clearer with hindsight. [Cit.] However, the [testimony] by petitioner's expert[ ] in this case [is] significant because [he is] the *only* mental health expert[ ] who examined [Barrett and his] institutional records. . . . (Emphasis in original.)

*Turpin v. Lipham*, supra at 217 (3) (B), fn. 4. Compare *Huzzie v. State*, 236 Ga. App. 192, 194 (2), (3) (512 SE2d 5) (1999). Accordingly, the habeas court was authorized to find that the second prong of *Strickland* was met, and to grant relief on the basis that Barrett was denied his constitutional right to effective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*Thurbert E. Baker, Attorney General, Jason C. Fisher, James J. Phillips, Assistant Attorneys General, William P. Rowe III*, for appellant.

*Michael S. Katz*, for appellee.