## S06A1920. NICHOLS v. THE STATE.
### (640 SE2d 40)

CARLEY, Justice.

A jury found Dwight Nichols guilty of felony murder of Donna Green during the commission of aggravated assault. The trial court entered judgment of conviction on the guilty verdict, and imposed a sentence of life imprisonment. After the denial of a motion for new trial, Nichols appeals.[*]

1. Nichols and Ms. Green shared a townhouse apartment, and each had a prior history of committing acts of violence. On a previous occasion, she stabbed him and was arrested for aggravated assault.

---

[*] The homicide occurred on March 14, 2003. The grand jury indicted Nichols on June 10, 2003. The jury returned the guilty verdict on September 25, 2003. The trial court entered the original judgment of conviction and life sentence on October 2, 2003. Nichols filed a motion for new trial on October 22, 2003. The trial court entered a corrected judgment of conviction and life sentence on November 18, 2005. The trial court denied the motion for new trial on June 1, 2006. Nichols filed a notice of appeal on June 29, 2006. The case was docketed in this Court on July 19, 2006, and the appeal was submitted for decision on September 11, 2006.

The charges were dismissed, however, at Nichols' request. He previously stabbed a man, and entered a guilty plea to aggravated assault.

Nichols never denied killing Ms. Green. At the time of the homicide, his niece was upstairs, and she did not overhear any argument or sounds of a struggle. Previously, the three had engaged in social conversation with no indication of any animosity between Nichols and the victim. When his niece returned to the downstairs, however, she discovered Nichols holding the limp body of Ms. Green. He explained the scene by stating that he was tired and that he had stabbed her. After telling his niece to call 911, Nichols left the apartment, but he eventually returned. At that time, he did not offer any exculpatory explanation, telling an officer "I'm the one you are looking for. I did it. I stabbed her." After he was arrested and advised of his rights, he gave a statement in which he claimed that Ms. Green attacked him with a knife when he asked her to move out and that, having gained control of the weapon from her, he "just flipped and ... stabbed her." In his trial testimony, however, Nichols somewhat changed his version of how the stabbing occurred. At that time, he claimed that, when the victim attacked him with a knife, he accidentally stabbed her while they were still wrestling over control of the weapon. At trial, Nichols also denied stating to the officers that he had "just flipped" after successfully wresting the knife away and then stabbed Ms. Green intentionally. Nichols' version of the stabbing was in conflict with the expert opinion of the forensic pathologist, who testified that Ms. Green died from "a deliberate and forceful strike with a knife." The trial court charged on both justification and accident as defenses and instructed the jury on voluntary manslaughter as a lesser offense.

When construed most strongly in support of the jury's verdict, the evidence is sufficient to authorize a rational trier of fact to find Nichols guilty beyond a reasonable doubt of felony murder during the commission of aggravated assault. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Alexander v. State,* 263 Ga. 474, 475 (1) (435 SE2d 187) (1993).

2. Nichols asserts that his trial attorney was ineffective in several respects.

> To prevail on that claim requires proof that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In order to meet this burden, [Nichols] must overcome the strong presumption that the performance of his defense counsel falls within the broad range of reasonable conduct. [Cit.] Here, that presumption was reinforced by the testimony of [Nichols'] trial attorney

[him]self, who appeared at the hearing on the motion for new trial where [he] explained [his] challenged actions and in-actions. Having heard all of the evidence, including counsel's testimony, the trial court found no merit in the ineffective-ness claim. On appeal, this Court accepts the trial court's findings of fact, unless they are clearly erroneous. However, the trial court's legal conclusions are reviewed de novo. [Cit.]

*Wiggins v. State*, 280 Ga. 627, 628-629 (2) (632 SE2d 80) (2006).

(a) Nichols urges that the trial attorney's failure to introduce evidence that Ms. Green had a previous conviction for voluntary manslaughter was an instance of ineffectiveness. He contends that her prior conviction would have bolstered the credibility of his justification defense. *Laster v. State*, 268 Ga. 172, 173 (2) (486 SE2d 153) (1997).

The record of the hearing on the motion for new trial shows that Nichols failed to prove that Ms. Green was ever convicted of voluntary manslaughter or of any other violent offense. The only testimony to that effect "was inadmissible hearsay and thus of no probative value. [Cit.]" *Fuller v. State*, 278 Ga. 812, 815 (2) (d) (607 SE2d 581) (2005). Moreover, the trial attorney testified that he was aware that the victim had a prior conviction, possibly for manslaughter, but that he considered it to be less relevant to the justification defense than the evidence that Nichols himself had recently been stabbed by her. Compare *Johnson v. State*, 266 Ga. 380, 382 (2) (467 SE2d 542) (1996) (counsel's failure to introduce victim's specific acts of violence was based upon his erroneous "belief that they were inadmissible"). " ' "(M)atters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel." (Cit.)' [Cit.]" *Wiggins v. State*, supra at 630 (2) (a). Deciding what evidence to present or to forego in defending a client charged with a crime is a matter of strategy and tactics. *Dewberry v. State*, 271 Ga. 624, 625 (2) (523 SE2d 26) (1999). Accordingly, the attorney's determination to rely exclusively on prior difficulties between Nichols and the victim was not an instance of deficient performance.

(b) Nichols contends that he has a history of psychological problems which his lawyer failed to investigate. Again, however, a review of the record shows a failure of proof to substantiate the claim that Nichols had any mental condition which would have provided a possible defense to his criminal liability for stabbing Ms. Green. All that appears is his own self-serving general statements regarding his purported psychological condition. The trial court, sitting as the trier of fact, was not required to give any credence to this testimony. Compare *Martin v. Barrett*, 279 Ga. 593, 595 (619 SE2d 656) (2005)

(habeas corpus court's finding of prejudice in capital case based upon "readily available psychiatric records" and expert testimony).

Moreover, the evidence did not demand a finding that defense counsel failed to investigate Nichols' prior psychiatric history. The attorney indicated that he could not testify with certainty regarding this issue, since he had released the file to Nichols' appellate counsel. However, testifying from memory, he expressed his belief that Nichols may have mentioned his mental condition and that he "believe[d he] would have" investigated the matter had Nichols done so. Thus, the most that Nichols showed is that defense counsel did not have any independent recollection of his investigation of the matter. This showing fails to rebut the presumption, supported by the attorney's testimony, that Nichols had broached the topic of his mental condition, after which the matter had been investigated and a determination made that it did not provide any basis for defending against the homicide charge. Compare *Martin v. Barrett*, supra (sufficient evidence to support habeas corpus court's finding that trial counsel failed to fulfill the professional duty to conduct an adequate investigation into his client's history of a mental condition).

(c) Nichols contends that trial counsel was ineffective for the additional reason that he failed to object when the assistant district attorney made improper remarks during closing argument. The specific assertion is that the prosecutor expressed a personal opinion on Nichols' lack of veracity and commented on his future dangerousness. *Mason v. State*, 274 Ga. 79, 80 (2) (b), (c) (548 SE2d 298) (2001).

At the hearing on the motion for new trial, Nichols never asked defense counsel to explain why he did not object. Thus, he failed to overcome the strong presumption that the inaction was a strategic decision. Moreover, review of the substance of the allegedly improper comments shows that the assistant district attorney never expressed any personal opinion on Nichols' lack of truthfulness. He merely engaged in permissible argument, pointing out inconsistencies in Nichols' testimony and urging, on that basis, that Nichols lied. *Robinson v. State*, 278 Ga. 31, 36 (3) (c) (597 SE2d 386) (2004). The other comments did not reflect directly and immediately on Nichols' future dangerousness, but appear to be general appeals to enforce the criminal law for the safety of the community. See *Davis v. State*, 266 Ga. 801, 804 (8) (471 SE2d 191) (1996). Compare *Fulton v. State*, 278 Ga. 58, 64 (8), n. 6 (597 SE2d 396) (2004). Moreover, even assuming that the comments were improper reflections on Nichols' future dangerousness and that trial counsel was deficient in failing to object, there is no reasonable probability that, but for that failure, the outcome of the trial would have been different. *Fulton v. State*, supra at 65 (8); *Mason v. State*, supra at 81 (2) (c).

3. The trial court allowed the prosecution to introduce into evidence Nichols' prior conviction for aggravated assault, and he enumerates that ruling as error.

The State's theory was that Nichols killed Ms. Green in an unprovoked aggravated assault. This theory was supported by the expert opinion testimony and by testimony of his niece, who did not hear any argument or sounds of a struggle, despite being in the apartment when the stabbing took place. It was also consistent with her testimony that Nichols did not claim self-defense or accident when she asked for an explanation, but that he merely stated that he was tired and had stabbed Ms. Green. The circumstances which underlay his previous conviction were similar, in that, while attending a social event, he launched an unprovoked knife attack on an unarmed victim and thereafter sought to justify his act by claiming self-defense. Considering the similarities between the two crimes, the evidence of Nichols' previous conviction was admissible to corroborate the prosecution's theory, by illustrating his course of conduct and bent of mind in resorting to the use of a knife to commit an unprovoked attack on one with whom he was ostensibly socializing. See *Zellars v. State*, 278 Ga. 481, 483 (4) (604 SE2d 147) (2004).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007.

*John R. Mobley II*, for appellant.

*J. Gray Conger, District Attorney, William D. Kelly, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vonnetta L. Benjamin, Assistant Attorney General*, for appellee.