A07A0370. DIOP v. THE STATE.
(645 SE2d 756)

BERNES, Judge.

A Gwinnett County jury found Abdoulaye Diop guilty of aggravated assault and obstructing a law enforcement officer. On appeal, Diop contends that the evidence was insufficient to support his conviction for aggravated assault. He also claims that the trial court erred in admitting similar transaction evidence. For reasons that follow, we disagree and affirm.

Viewed in a light most favorable to the verdict, the evidence showed that Diop and his cousin Talla Fall operated a limousine business. Veronique Kono, who was dating Fall, agreed to finance the purchase of a limousine for the business. In return, Diop agreed to make the monthly car note payments and pay Kono an additional amount while she held title to the vehicle. When Diop stopped making the car payments, Kono and Fall used a second key to take the car from Diop. Diop came to Kono's and Fall's residence to get the car

back, and he spent the night. Around noon the next day, September 19, 2002, Kono saw Diop come out of the bathroom and without provocation stab Fall several times. Kono, who saw Fall bleeding, ran upstairs to get help from Fall's uncle. The uncle went downstairs while Kono locked the door and called the police.

Also at approximately noon on September 19, 2002, a police officer on an unrelated call saw Diop and two men come out of an apartment building. Diop was stabbing one of the men with a large knife. The third person was trying to help the victim. The officer ordered Diop to drop the knife. Diop looked at the officer, stabbed himself in the stomach, and then threw the knife away. Two other officers arrived on the scene. During the first officer's attempt to handcuff Diop, Diop tried to grab the officer's legs and began spinning around on the ground, slapping himself in the head, saying, "kill me, kill me, kill me." Diop lay on the ground and began picking at his self-inflicted stomach wound. The first officer retrieved the knife and put it in his police car, and when he returned to the scene, Diop got up and charged at one of the officers. During the ensuing melee, Diop bit an officer, and the officers had to choke Diop into unconsciousness in order to get the officer's arm out of Diop's mouth. According to the first officer, Diop did not appear to tire throughout the whole event, and acted consistently with a person under the influence of cocaine.

1. Diop claims that the evidence was insufficient to support a guilty verdict as to aggravated assault. He points out that Kono did not testify that the knife recovered from the scene was the same knife that she saw Diop use to stab Fall in the apartment. Further, he contends that there was no proof that the person police saw Diop stab outside the apartment was Fall, who was the victim named in the indictment. Therefore, Diop argues, the evidence was insufficient to show that he committed aggravated assault as alleged in the indictment. We disagree. The indictment charged that Diop assaulted "Fall with an object, to wit: a knife, which, when used offensively against another person is likely to result in serious bodily injury." Kono saw Diop stab Fall until Fall bled. Kono's testimony, standing alone, was sufficient to enable a rational trier of fact to find Diop guilty beyond a reasonable doubt of aggravated assault. See OCGA § 16-5-21 (a) (2); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brigman v. State*, 282 Ga. App. 481, 484 (1) (639 SE2d 359) (2006) (testimony of a single witness was sufficient to establish appellant's guilt beyond a reasonable doubt of aggravated assault).

2. Diop also claims that the trial court erred in admitting the similar transaction testimony of his former girlfriend. Pretermitting

whether this issue is waived,[1] Diop's girlfriend testified that on September 17, 2002, Diop met her at her home in Fulton County, pulled out a serrated-edged knife, and told her, "I have to kill you, and then I have to kill myself." He then stabbed her 15 or more times. After Diop became tired, he pulled out a glass pipe and used it to smoke "some type of drug." According to the girlfriend, the attack seemed unprovoked, but it became clear that Diop wanted money. Diop eventually took his girlfriend to the hospital and left.

> Similar transaction evidence is admissible if the state establishes (1) a proper purpose for admitting the transaction; (2) that the accused committed the separate offense; and (3) a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. Moreover, the state does not have to establish that the prior offense is identical in every respect to the charged offense, but must show only a sufficient connection between the two. In weighing whether prior transactions are admissible, courts focus on the similarities between the incidents, rather than their differences.

(Citations omitted.) *Ryan v. State*, 277 Ga. App. 490, 492 (1) (627 SE2d 128) (2006).

The three factors were satisfied in this case. Before trial, the State proffered that it would introduce the testimony of Diop's girlfriend that Diop stabbed her multiple times less than 48 hours before he stabbed Fall. The State offered the evidence to show Diop's course of conduct and bent of mind, which are proper purposes for admission of similar transaction evidence. See *Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001). Diop argues that the similar transaction evidence did not establish a course of conduct on his part and was not relevant except for the improper purpose of showing his bad character. However, the evidence showed that within a 48-hour period Diop stabbed two persons he knew multiple times with a knife without apparent provocation. In both instances, he expressed a desire to die. Accordingly, there was a sufficient similarity between the independent act and the crime charged that the former tended to

---

[1] The State does not raise waiver as an issue, but our review of the trial transcript shows that Diop did not object to the introduction of the similar transaction evidence at trial. See *Williams v. State*, 279 Ga. 731, 732 (3) (620 SE2d 816) (2005) ("[a]ppellant's claim that the trial court erred in admitting the similar transaction testimony . . . is waived because appellant failed to object to the testimony at the time it was introduced at trial"); *Johnson v. State*, 276 Ga. App. 505, 508-509 (3) (a) (623 SE2d 706) (2005) (notwithstanding objection at pre-trial hearing, objection to similar transaction evidence is waived if not renewed at trial).

prove the latter. See *Nichols v. State*, 281 Ga. 483, 487 (3) (640 SE2d 40) (2007) ("evidence of [appellant's] previous conviction was admissible to corroborate the prosecution's theory, by illustrating his course of conduct and bent of mind in resorting to the use of a knife to commit an unprovoked attack on one with whom he was ostensibly socializing"). The trial court did not abuse its discretion in allowing the similar transaction evidence.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MAY 9, 2007.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Niria D. Baggett, Assistant District Attorney*, for appellee.