S11A0799. HAMBRICK v. BRANNEN.
(715 SE2d 89)

HINES, Justice.

This is an appeal by the warden from the grant of defendant Randall Brannen's petition for writ of habeas corpus. The habeas court granted the writ on the basis that Brannen had ineffective assistance of counsel at his probation revocation and re-adjudication hearing due to what it characterized as counsel's failure to investigate Brannen's mental health condition. For the reasons that follow, we reverse the grant of the writ.

On August 23, 2006, Brannen entered into a negotiated agreement wherein he entered pleas to family violence battery, terroristic threats, and reckless conduct, and he was sentenced under the First Offender Act, OCGA § 42-8-60 et seq., to probated sentences of twelve months for each of the two misdemeanors and five years to be served on probation for terroristic threats. A revocation petition was brought based upon Brannen's commission of new felonies involving reported violence against his mother. Following a hearing in the matter, in August 2007, Brannen's first offender probation was revoked, he was adjudicated guilty of the crimes for which he had been given first offender treatment, and he was sentenced to serve five years in prison with credit for time served on probation. In July 2008, Brannen filed the present application for writ of habeas corpus, listing four grounds for relief, including his claim of the ineffective assistance of counsel at the probation revocation and re-adjudication hearing. Subsequently three of the grounds were

abandoned with only the ineffectiveness claim remaining.[1]

The habeas court granted relief based upon its determinations that the attorney representing Brannen at the probation revocation and re-adjudiction proceeding was deficient for failing to investigate Brannen's mental health history,[2] and that had counsel done so, Brannen "might have been found to be incompetent to stand trial, legally insane at the time of the crimes, or guilty but mentally ill"; the court concluded that Brannen had met his burden in showing a reasonable probability of a different outcome.

In this Court's review of the grant of a petition for writ of habeas corpus, we are to accept the habeas court's factual findings and credibility determinations unless they are clearly erroneous, but this Court is to independently apply the law to the facts. *Henderson v. Hames*, 287 Ga. 534, 536 (2) (697 SE2d 798) (2010). And, in the context of a habeas corpus proceeding, in order to prevail on a claim of the ineffective assistance of counsel, the petitioner must carry the burden under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), of demonstrating that counsel's performance was not reasonable under the circumstances, i.e., professionally deficient, and that there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Hall v. Lee*, 286 Ga. 79, 80 (684 SE2d 868) (2009). Moreover, in satisfying the *Strickland* test, Brannen must overcome the "strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." (Punctuation omitted.) *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002). The habeas court determined that Brannen had satisfied the two-prong test; but, that is plainly not the case.

The habeas court found counsel's deficiency to be the alleged failure to investigate Brannen's mental health issues. In so doing, the habeas court relied upon *Martin v. Barrett*, 279 Ga. 593 (619 SE2d 656) (2005), but a review of that case shows that it is inapposite. In *Martin*, trial counsel performed no investigation into the defendant's mental health even though counsel knew, prior to trial, that the defendant had been hospitalized for treatment of mental illness, and such failure to investigate was the result of inattention rather than strategic choice. That is far from the

---

[1] In this habeas corpus proceeding, the validity of Brannen's pleas to the crimes for which he was given first offender treatment is not at issue, nor is there any claim of the ineffectiveness of counsel in regard to those pleas.

[2] The court found that even though Brannen had been on several psychotropic medications at various times throughout his life resulting from a diagnosis of bipolar disorder with psychotic features, had been hospitalized in mental health facilities, and that counsel was a long-time family friend with knowledge of Brannen's mental health history, no expert had determined that Brannen was fit to stand trial.

situation in the present case. Brannen's counsel's testimony revealed that counsel made a strategic decision not to pursue an insanity defense based upon his prior experience, on Brannen's assurance and the attorney's perception that Brannen understood the revocation proceedings, and on an agreement with the State that it would "dead docket" the new felony charges in exchange for Brannen not contesting the probation revocation. Moreover, Brannen expressed his paramount concern which was his desire to get into a facility where he could get treatment, and Brannen, his parents, and counsel believed that the surest route to such treatment was to admit the allegations in the probation revocation and have mental health treatment be an integral part of Brannen's sentence. Finally, counsel spoke with Brannen, Brannen's parents, and doctors before deciding not to request a psychiatric evaluation of Brannen. A reasonable strategic choice by counsel, which is made after thorough investigation of the law and the facts relevant to plausible options is virtually unchallengeable, and therefore, will not support a claim of counsel's ineffectiveness. Id. Consequently, the determination that counsel was guilty of a failure to investigate Brannen's mental health condition, and that such ostensible failure constituted a professional deficiency fails as a matter of fact and law.

Inasmuch as a defendant asserting that his or her counsel was ineffective must satisfy both elements of *Strickland*, if the defendant has made an insufficient showing as to one, this Court is not required to address the remaining component. *Walker v. Houston*, 277 Ga. 470 (1) (588 SE2d 715) (2003). In this case it is plain that as to the second prong of the *Strickland* test, the habeas court erred in finding actual prejudice. Pursuant to *Strickland*, Brannen must offer more than speculation to establish prejudice. *Strickland*, 466 U. S. at 693; *Goodwin v. Cruz-Padillo*, 265 Ga. 614 (458 SE2d 623) (1995). Brannen did not offer any evidence to establish prejudice. Nevertheless, the habeas court summarily concluded that the outcome might have been different had counsel investigated Brannen's mental health. Furthermore, the habeas court again relied primarily on *Martin* to support its finding of actual prejudice. In *Martin*, however, the petitioner presented psychiatric records and testimony to show there was a reasonable probability that he might have been found incompetent to stand trial, legally insane at the time of the crimes, or guilty but mentally ill, had that evidence been presented at trial. See *Nichols v. State*, 281 Ga. 483, 485 (640 SE2d 40) (2007) (explaining that the finding of prejudice in *Martin* was based upon readily available medical records and expert testimony). Brannen presented no evidence to support his claim of prejudice; the habeas court simply speculated that such information existed. Most significantly, Brannen presented no expert testimony showing what an evaluation

could have revealed which would have been favorable to a defense to the revocation had counsel requested one. Speculation will not satisfy the prejudice prong of *Strickland*. *Whitus v. State*, 287 Ga. 801, 805 (2) (700 SE2d 377) (2010).

Simply, the habeas court's finding of ineffectiveness is contrary to law; therefore, the grant of relief based upon the unsustainable determination must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

■■■■

*Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General*, for appellant.
*Michael D. Reynolds*, for appellee.

