## S13A0346. McKAY v. THE STATE.
(742 SE2d 714)

BENHAM, Justice.

Appellant Tracey McKay appeals his convictions for the shooting death of the victim John Thrash.[1] The evidence in the light most favorable to the verdict shows that after midnight on July 30, 1989, appellant, his brother Tony McKay, and another man went to a donut shop in Muscogee County with the intent to rob it. Appellant had with him a .25 caliber weapon. Appellant held the victim at gunpoint through a pass-through window, while Tony entered the shop through an unlocked door and the third man stood watch. As Tony was approaching the cash register, appellant panicked and shot the victim. All three men fled the scene. At approximately 1:00 a.m., a police officer responded to a 911 call to the donut shop and discovered the victim's body lying on the floor. The cash register was open with money and change still inside. The victim's wallet was also still on his person. A day or two after the shooting, the store's owner discovered a .25 caliber shell casing under a counter. The medical examiner was deceased at the time of trial, but the deputy coroner, who had observed the autopsy when it was performed, appeared at trial and testified that a .25 caliber bullet was recovered from the victim's chest and testified that the victim died from a bullet that pierced his aorta causing irreversible blood loss. The case lay dormant until approximately 2003 when police obtained new leads prompting them to interview two of appellant's sisters. The two sisters, who also testified at trial, stated that appellant had admitted to them that he had shot the victim during a robbery. Appellant's older brother John McKay

---

[1] The crime took place on July 30, 1989. On October 17, 2006, a Muscogee County grand jury returned an indictment against appellant on two counts of felony murder and one count of possession of a firearm during the commission of a crime. Appellant was tried from December 11 to December 14, 2006, and a jury convicted him on all counts. The trial court sentenced appellant to life in prison for felony murder plus five years to be served consecutively for possession of a firearm. Appellant filed his motion for new trial on January 12, 2007, and an amended motion for new trial on April 5, 2012. The trial court held a hearing on the motion, as amended, on August 14, 2012, and denied it on September 25, 2012. Appellant filed a notice of appeal on October 3, 2012, and the case was docketed to the January 2013 term of this Court for a decision to be made on the briefs.

also came forward and gave a statement to police and testified at trial that Tony and appellant were involved in the donut shop killing.[2]

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. As his sole enumeration of error, appellant contends his counsel was ineffective when he failed to present evidence at trial that two other individuals had allegedly confessed to shooting the victim. To prevail on a claim of ineffective assistance of trial counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). On appeal, we accept the trial court's factual findings unless they are clearly erroneous, but we review the trial court's legal conclusions de novo. *Bright v. State*, 292 Ga. 273 (2) (736 SE2d 380) (2013).

At the motion for new trial hearing, appellant presented four police officers who testified they had taken statements from various people who alleged in their statements either that an individual other than appellant confessed to them that they shot the victim or that someone else told them an individual other than appellant had made a confession about killing the victim. Appellant also proffered a witness who testified his girlfriend told him that an individual other than appellant had confessed to the crime. Appellant testified he was not aware of any of the purported confessions by other individuals until after his conviction. Appellant contends that counsel's failure to

---

[2] At trial, John McKay specifically testified that on the night of the shooting, he, appellant, Tony, and a man named Antonio McGee drove to Harris County with the intent to rob a store there, but changed their minds. When they returned to Muscogee County, they discussed robbing the donut shop. John stated he supplied appellant with a small caliber pistol. (There was also evidence appellant stole the gun from his brother-in-law.) John testified he did not go with the other three men to the donut shop but that they told him what happened. John said he was told that Tony entered the shop through an unlocked door while appellant pointed the gun from outside the donut shop through a small side window where customers purchased their donuts. Antonio McGee stood outside the donut shop to keep watch while the robbery was in progress. John said appellant shot the victim when he moved as Tony was approaching.

present the evidence of these alleged confessions at trial constituted constitutionally ineffective assistance. We disagree.

"Deciding what evidence to present or to forego in defending a client charged with a crime is a matter of strategy and tactics." *Nichols v. State*, 281 Ga. 483, 485 (2) (a) (640 SE2d 40) (2007). Reasonable trial strategy does not constitute deficient performance. *Pruitt*, supra, 282 Ga. at 34. Here, appellant's trial counsel testified he was aware of the alleged confessions by the other individuals because the statements were provided in discovery. Counsel stated he did not proffer any evidence of these alleged confessions at trial because the statements could not be corroborated, the statements consisted of double hearsay, and the statements did not match the physical evidence in the case. Counsel testified his trial strategy was to discredit appellant's siblings who had implicated appellant in the crime rather than focusing on "red herrings" he believed would diminish appellant's defense. Counsel also testified he discussed the evidence in the case and the trial strategy with appellant. Under these circumstances, appellant is unable to refute the strong presumption that counsel's decision not to present the evidence in question fell within the broad range of professional conduct afforded to trial attorneys. See id.; *Nichols*, supra, 281 Ga. at 485. See also *Smith v. State*, 292 Ga. 620, 622 (2) (a) (740 SE2d 158) (2013). Since counsel's performance was not deficient, appellant's claim of ineffective assistance of counsel cannot be sustained, and the trial court's denial of his motion for new trial is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 6, 2013.

*William J. Mason*, for appellant.

*Julia Fessenden Slater, District Attorney, Lew S. Barrow, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Bikoff, Assistant Attorney General,* for appellee.