## S13A0902. VALENTINE v. THE STATE.
(748 SE2d 437)

BLACKWELL, Justice.

William Thomas Valentine, Jr., was tried by an Athens-Clarke County jury and convicted of murder and kidnapping. Following the denial of his motion for new trial, Valentine appeals, contending that

---

the trial court did not give his lawyer enough time to prepare for the testimony of an expert witness and that he was denied the effective assistance of counsel. Upon our review of the briefs and record, we see no error, and we affirm.[1]

1. Viewed in the light most favorable to the verdict, the evidence shows that Valentine spent the evening of October 9, 2010 with Alfred Harris and Judith Ann Miracle in Harris's apartment, where they smoked crack cocaine and drank alcohol. Late in the evening, Miracle went to a bedroom to sleep, leaving Harris and Valentine in the living room. Miracle later awoke, started toward the bathroom, and encountered Valentine, who told her to stay in the bedroom and not to try to leave through a window. She returned to the bedroom, where she was visited several times thereafter by Valentine, who reminded her not to leave, and threatened to kill her if she did so. At some point, Valentine allowed Miracle to visit the bathroom, at which time she saw that the cover of the toilet tank was missing. Early in the morning of October 10, Valentine ordered Miracle to get dressed, took her cell phone, grabbed her by the arm, and forced her to leave the apartment with him. As they left the apartment, Miracle saw blood on the floor of the kitchen. Valentine and Miracle walked away from the apartment for about ten minutes, and during that time, Valentine warned Miracle not to run or say anything. Finally, Valentine took Miracle to his sister's home. Valentine then went to his girlfriend's house, where he showered and burned the clothes and boots that he had been wearing.

Also on the morning of October 10, a friend found Harris's body on a sofa in the apartment. Harris had died as a result of severe head trauma, which apparently was caused by at least three blows to his head with a blunt object. Investigators discovered the cover of the toilet tank in a bathtub, and on the cover, they found Harris's blood.

---

[1] The crimes were committed on October 9 and 10, 2010. Valentine was indicted on November 9, 2010 and charged with malice murder, felony murder, aggravated battery, aggravated assault, kidnapping with bodily injury, and aggravated sodomy. His trial commenced on June 20, 2011, and four days later, the jury returned its verdict, finding him guilty of malice murder, felony murder, aggravated battery, and aggravated assault. As to kidnapping with bodily injury, the jury found Valentine guilty of the lesser included offense of kidnapping. The jury acquitted Valentine of aggravated sodomy. Valentine was sentenced to imprisonment for life without parole for malice murder and a consecutive term of imprisonment for twenty years without parole for kidnapping. The verdict as to felony murder was vacated by operation of law, *Malcolm v. State*, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993), and the remaining counts merged with the crimes for which Valentine was sentenced. Valentine timely filed a motion for new trial on June 30, 2011, and he amended it on February 27, 2012. The trial court denied the motion on October 22, 2012. Valentine timely filed a notice of appeal on November 7, 2012, and the case was docketed in this Court for the April 2013 term and submitted for decision on the briefs.

They also found Harris's blood elsewhere in the apartment, as well as Valentine's blood on a sheet in a bedroom. There were no signs of a struggle or fight in the apartment.

After Harris was killed, Valentine made incriminating statements and acted in a way that indicated a consciousness of guilt. For instance, Valentine made separate statements to his cousin and his sister indicating that he was in serious trouble. He told his sister, her husband, and his girlfriend that he thought that he had killed someone. He appeared at his sister's house with a packed duffel bag and said that he had killed someone and would be going away for a long time. And when a neighbor asked Valentine if he had killed Harris and said that she intended to call the police, Valentine fled. In all, the evidence adduced at trial was legally sufficient to authorize a rational jury to find beyond a reasonable doubt that Valentine was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). See also *Scott v. State*, 290 Ga. 883, 884 (1) (725 SE2d 305) (2012).

2. The State called an expert witness at trial to testify about blood spatter found at the scene of the crime. This expert apparently had given an oral report of his opinions to the prosecuting attorney before the trial commenced, but the State failed to reduce that oral report to writing and to produce it to Valentine, as required by OCGA § 17-16-4 (a) (4).[2] See *Heywood v. State*, 292 Ga. 771, 777 (4) (b) (743 SE2d 12) (2013) (under OCGA § 17-16-4 (a) (4), "if [an expert] made even an oral report of his opinions regarding the blood spatter evidence before trial, the prosecutor was required to prepare a written report of the opinion and its basis and to serve the report on [the defendant's] counsel no later than ten days before trial"). For that reason, the trial court postponed the testimony of the expert until late in the trial, and it gave Valentine's lawyer an opportunity to interview the expert before he testified, a remedy for which the discovery statutes expressly provide. See OCGA § 17-16-6 ("If at any time during the course of the proceedings it is brought to the attention of the court that the state has failed to comply with the requirements of this article, the court may order the state to permit the . . . interview of the witness . . . ."). See also *Norris v. State*, 289 Ga. 154, 156 (2) (709 SE2d 792) (2011) ("It is usually a sufficient remedy for the defense to be afforded an opportunity to interview the witness." (citation and punctuation omitted)).

---

[2] The provisions of OCGA § 17-16-1 et seq. apply in this case because Valentine opted into statutory reciprocal discovery pursuant to OCGA § 17-16-2 (a).

On appeal, Valentine complains that the postponement of the testimony of this expert witness was not long enough to afford his lawyer a sufficient opportunity to prepare for the witness. But at trial, Valentine never asked for more time. Instead, Valentine simply urged the trial court to disallow the expert witness altogether. That remedy, however, was foreclosed by the finding of the trial court that the State had not acted in bad faith, see OCGA § 17-16-6,[3] a finding that Valentine does not dispute on appeal. By failing to ask for more time to prepare for the testimony of the expert witness, Valentine waived any claim of error with respect to the failure of the trial court to give his lawyer more time.[4] See *Moss v. State*, 275 Ga. 96, 100-101 (7) (561 SE2d 382) (2002) (appellants waived claim that trial court erred by failing to grant continuance as a remedy for discovery violations because appellants failed to request a continuance).

3. Last, we consider whether Valentine was denied the effective assistance of counsel. Valentine complains that his lawyer was ineffective because he failed to secure a psychological evaluation of Valentine.[5] To prevail on a claim of ineffective assistance, Valentine must prove both that the performance of his lawyer was deficient and that he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To prove that the performance of his lawyer was deficient, Valentine must show that the lawyer performed his duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. Id. at 687-688 (III) (A). See also *Kimmelman v. Morrison*, 477 U. S. 365, 381 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by the performance of his lawyer, Valentine must show "a reasonable probability that, but for counsel's unprofessional errors, the result of

---

[3] Pursuant to OCGA § 17-16-6, a trial court may disallow evidence for the failure of the State to fulfill its obligations under OCGA § 17-16-1 et seq. to provide discovery, but only "upon a showing of prejudice *and* bad faith." OCGA § 17-16-6 (emphasis added). See also *Chance v. State*, 291 Ga. 241, 245 (5) (728 SE2d 635) (2012) ("Excluding evidence pursuant to OCGA § 17-16-6 is a particularly harsh sanction and should be imposed only where there is a showing of prejudice to the defense and bad faith by the State." (citation and punctuation omitted)).

[4] In any event, Valentine "has failed to identify any testimony which was a surprise or to show that, with a continuance, he would have uncovered helpful information which he did not already know." *Norris*, 289 Ga. at 157 (2) (citations and punctuation omitted).

[5] Valentine also complains that his lawyer failed to secure and present expert testimony about the effects of his drug and alcohol use upon his mind at the time of his crimes. But because there is no evidence that Valentine was intoxicated involuntarily at the time of the crimes, and because voluntary intoxication is no excuse for any criminal act, "counsel is not chargeable with ineffective assistance for having failed to present a defense predicated on [Valentine's] lack of criminal intent due to his alcohol [and drug] intoxication." *Leppla v. State*, 277 Ga. App. 804, 811 (2) (e) (627 SE2d 794) (2006).

the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U. S. at 694 (III) (B). See also *Williams v. Taylor,* 529 U. S. 362, 391 (III) (120 SCt 1495, 146 LE2d 389) (2000). This burden, although not impossible to carry, is a heavy one. See *Kimmelman,* 477 U. S. at 382 (II) (C). We conclude that Valentine has failed to carry his burden.

Putting aside whether the lawyer should have asked for a psychological evaluation, Valentine has failed to show that he was prejudiced in any way — at trial or sentencing — by the failure of his lawyer to do so. "Pursuant to *Strickland,* [Valentine] must offer more than speculation to establish prejudice." *Hambrick v. Brannen,* 289 Ga. 682, 684 (715 SE2d 89) (2011). "It is not enough to show merely that counsel unreasonably failed to inquire into his mental state — he must show a reasonable probability that such an evaluation would have affected the outcome at trial." *Arnold v. State,* 292 Ga. 268, 272 (2) (b) (737 SE2d 98) (2013) (citation and punctuation omitted). "The burden is on the defendant to show . . . that he has a mental condition that should have been investigated and offered as proof of a defense to criminal liability . . . or of his incompetence to stand trial . . . ." *Jennings v. State,* 282 Ga. 679, 680 (2) (653 SE2d 17) (2007) (citation and punctuation omitted). Although his trial lawyer testified at the hearing on his motion for new trial that Valentine seemed depressed and has received an unspecified mental health diagnosis and treatment, the lawyer said nothing about the nature of the diagnosis or treatment, and "the record does not contain any medical records, expert testimony, or other evidence of [such] diagnosis or treatment." Id. (citation omitted). Cf. *Martin v. Barrett,* 279 Ga. 593, 595-596 (619 SE2d 656) (2005). Indeed, Valentine "presented no expert testimony showing what [a pretrial] evaluation could have revealed which would have been favorable to [the] defense . . . had counsel requested one." *Hambrick,* 289 Ga. at 684-685. See also *Arnold,* 292 Ga. at 272 (2) (b) ("Arnold has not shown what the result of any additional examination would have been . . . .") (citation and punctuation omitted). Cf. *Martin,* 279 Ga. at 595-596. For these reasons, Valentine has failed to establish prejudice by showing a reasonable probability that the result of his trial or sentencing would have been any different if his lawyer had pursued a psychological evaluation. See *Arnold,* 292 Ga. at 272 (2) (b); *Jennings,* 282 Ga. at 680 (2); *Guyton v. State,* 281 Ga. 789, 794 (10) (d) (642 SE2d 67) (2007).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Harold W. Wallace III*, for appellant.

*Kenneth W. Mauldin, District Attorney, Anthony Volkodav, Jr., Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.