## A01A0318. KEY v. THE STATE.
(545 SE2d 363)

BLACKBURN, Chief Judge.

Following a jury trial, John Henry Key, having been convicted of two counts of burglary, appeals his conviction, alleging that the trial court erred by (1) not striking unfairly prejudicial testimony and (2) determining that he received effective assistance of counsel even though trial counsel did not elicit certain testimony. For the reasons that follow, we affirm.

At the trial, Gerald Dunn testified that he lived on one side of a duplex and that Julia Nelson lived on the other. On January 22, 2000, Dunn heard "ransacking" noises coming from Nelson's house. Dunn, knowing that Nelson was out of town, went toward the back door of her house. Dunn then saw Key running out of Nelson's house with several items, including a portable stereo wrapped in a sheet. Dunn noticed that the air conditioner had been pushed in through the window panel. Nelson had not given Key permission to enter her home while she was out of town. She recalled that before she left to go out of town, she told someone else, in Key's presence, that she was going to be out of town.

Nelson's son, Arrington Ford, testified that, on February 7, 2000, around 8:00 or 9:00 in the evening, he heard loud noises coming from Dunn's house. Ford went to the back of Dunn's house and turned on the porch light. He then saw Key, whom he had known for four to five months, run out of the house.

Dunn testified that he came home that afternoon to find that his door had been kicked in. He also noticed that some drawers had been pulled out. Dunn saw Key the next day and attempted to approach him, but Key ran away. Dunn contacted the police, who later arrested Key. Dunn testified that he had never given Key, whom he knew "from around the neighborhood," permission to enter his home.

1. Key argues that the trial court erred by not striking a statement by Dunn. During cross-examination, Dunn blurted out, "[c]an I make another statement? Since he has been incarcerated, we haven't had any more burglaries." Defense counsel immediately requested that the remark be stricken as not responsive, but did not request a curative instruction. The court stated, "[a]ll right. Don't go into that, please."

Key argues that the trial court erred by not striking Dunn's remark as unresponsive and by not ruling on his objection to the remark. It is not entirely clear whether the remark was stricken from the record because the trial court stated "[a]ll right" immediately after Key's request to have the remark stricken. Nonetheless, our Supreme Court has held that a witness's "nonresponsive answer that impacts negatively on a defendant's character does not improperly

place the defendant's character in issue." *Hansley v. State.*[1] Moreover, to the extent that any error did occur, such error was harmless beyond a reasonable doubt in light of the eyewitness testimony, which overwhelmingly supported Key's guilt. See *Allen v. State.*[2]

2. Key argues that trial counsel rendered ineffective assistance by not eliciting testimony from him that at around 4:00 p.m. on February 7, 2000, he witnessed Dunn repairing his door after it had been kicked in. Key asserts that this testimony would have discredited both Ford and Dunn, who both testified that the robbery took place at around 8:00 p.m. We disagree.

> To establish ineffectiveness, an appellant must show that (1) counsel's performance was deficient and (2) the deficiency so prejudiced his defense that a reasonable possibility exists that the trial's outcome would have been different but for that deficiency. We need not address both prongs of this test if the showing on one prong is insufficient, nor must we address them in any particular order. We review a trial court's finding that a defendant has been afforded effective assistance of counsel under the clearly erroneous standard.

(Footnotes omitted.) *Scott v. State.*[3]

We note initially that Dunn did not testify that the robbery took place at 8:00 p.m.; he testified that the robbery took place in the afternoon. Although Ford testified that the robbery took place around 8:00 or 9:00 in the evening, we cannot conclude that the outcome of the trial would have been different had counsel elicited Key's testimony regarding the timing given that the jury already heard the discrepancy in timing between Dunn's and Ford's accounts.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 2, 2001.

*Mario A. Pacella*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

[1] *Hansley v. State*, 267 Ga. 48, 49 (3) (472 SE2d 305) (1996).
[2] *Allen v. State*, 272 Ga. 513, 515 (5) (530 SE2d 186) (2000).
[3] *Scott v. State*, 242 Ga. App. 553, 554 (2) (530 SE2d 257) (2000).