S12A1735. BRIGHT v. THE STATE.
(736 SE2d 380)

HUNSTEIN, Chief Justice.

A jury convicted Herman Lewis Bright of malice murder and aggravated assault in connection with the death of Jerome Jenkins in DeKalb County.[1] Bright contends that the evidence was insufficient to convict him and his trial counsel was ineffective. Finding no error, we affirm.

1. The evidence presented at trial shows that as many as 12 people were drinking, smoking, "kicking, and hanging out" at the house of Malachi Smith in Stone Mountain on October 30, 2008. During the afternoon, Jenkins complained about a toothache and had two fights with his girlfriend, which others broke up. Bright arrived at Smith's house at approximately 6:30 p.m. and was seen arguing with Jenkins 30 minutes later at the edge of the living room near the kitchen. Smith's former business partner testified that he saw another man try to separate them and then Bright pointed a gun, shot Jenkins, and kept shooting until he fell to the floor. Another witness

---

[1] The crimes occurred on October 30, 2008, and the DeKalb County grand jury indicted Bright on March 9, 2009 for malice murder, felony murder, two counts of aggravated assault, and two counts of possession of a firearm during the commission of a felony. On November 12, 2009, a jury found Bright guilty on the four counts related to Jenkins and not guilty on the aggravated assault and firearm possession charge related to a second person. The trial court sentenced Bright that day to life imprisonment for malice murder and a consecutive five-year term for the firearm possession charge; the felony murder conviction was vacated by operation of law, and the aggravated assault conviction merged into the malice murder conviction. Bright filed a motion for new trial on December 10, 2009 and an amended motion on November 14, 2011, which was denied on April 3, 2012. Bright filed a notice of appeal on May 3, 2012. The case was docketed for the Court's September 2012 term and submitted for decision on the briefs.

testified that Bright had a gun while the two men were talking; Jenkins said to Bright, "if you're going to shoot me, then shoot me"; and Bright started shooting. A third witness testified that Jenkins was "flinching and provoking" Bright when Bright took the gun, stepped back, and shot Jenkins. Jamaal Wesley also identified Bright as the person who shot him as he came around a corner into the hallway. Following the shooting, everyone grabbed their belongings, left the house, and drove away. Smith, who was not at home at the time, received three calls about the shooting, returned home, and called 911. The medical examiner testified that Jenkins died as a result of two gunshot wounds to his head.

Testifying in his own defense, Bright said that he left Smith's house at 2:00 or 2:30 p.m. to go to his sister's house and never returned. He denied seeing the confrontation, shooting anyone, or having a gun. His sister testified that Bright reached her house within an hour of her children getting home from school and he was in her apartment the entire evening.

Although Bright contends that the eyewitnesses were not credible because they fled the scene rather than calling police and one changed his story at trial, it is the jury's role to assess the credibility of witnesses and resolve any inconsistencies in the evidence. See *Hampton v. State*, 272 Ga. 284 (1) (527 SE2d 872) (2000). After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Bright guilty beyond a reasonable doubt of the crimes charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Bright contends that he was denied effective assistance of counsel. To establish an ineffective assistance of counsel claim, the defendant must show that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that counsel's conduct falls within the range of sound trial strategy and reasonable professional judgment. Id. at 689. In determining prejudice, the question is whether there is a reasonable probability that the result of the trial would have been different, absent counsel's unprofessional errors. Id. at 687. We accept the trial court's factual findings unless clearly erroneous, but independently apply the law to the facts. *Suggs v. State*, 272 Ga. 85 (4) (526 SE2d 347) (2000).

(a) Bright first contends that his trial counsel was ineffective for failing to object when a witness put Bright's character into evidence by mentioning that Bright was in jail. At trial, the prosecutor asked Smith whether he had talked about the case with Bright and visited

him at the jail. Later, Smith testified that Bright had been "locked up the whole time" since his arrest and they had talked about the case multiple times at the jail. During his own testimony, Bright testified in response to a question that he had discussed the case with Smith "in jail, yes."

We have previously held that "evidence that an accused has been confined in jail in connection with the case at issue does not place his character in evidence." *Jackson v. State*, 284 Ga. 484, 486 (2) (668 SE2d 700) (2008) (citation and punctuation omitted); see also *Williams v. State*, 242 Ga. 757 (2) (251 SE2d 254) (1978) (witness's testimony that defendant was in jail did not place his character into evidence). Therefore, we conclude that trial counsel did not perform deficiently in failing to object to the witness's testimony that Bright was in jail when they discussed his case. See *Taylor v. State*, 272 Ga. 559 (2) (b) (532 SE2d 395) (2000) (trial counsel's failure to object to testimony on "jail photographs" was not deficient performance). Moreover, without testimony from trial counsel on the reasons for his actions, trial counsel's "decisions are presumed to be strategic and thus insufficient to support an ineffective assistance of counsel claim." *Mitchell v. State*, 290 Ga. 490, 492 (4) (a) (722 SE2d 705) (2012) (citation and punctuation omitted).

(b) Bright also contends that he received ineffective assistance when his trial counsel failed to ask any individual questions of prospective jurors during voir dire. Specifically, Bright contends that trial counsel should have questioned five jurors who stated that they had been a victim of a violent crime or someone close to them had been murdered.

We conclude that trial counsel's questioning during voir dire was the result of trial strategy that was professionally reasonable. See *Morgan v. State*, 276 Ga. 72, 77 (9) (575 SE2d 468) (2003) ("content of trial counsel's voir dire of the jury venire can be a matter of trial strategy"). During general voir dire, trial counsel asked whether anyone had ever previously served on a grand jury or knew any witness who was expected to testify in the case, calling out the name and job title of each potential witness. In his opening statement, trial counsel explained to the jury that he did not ask any additional questions "because you qualify as jurors when you come in here, unless you know some of the witnesses." Given this explanation and the questions asked by the prosecutor, trial counsel's decision not to ask questions of individual jurors did not constitute deficient performance. See *Harris v. State*, 257 Ga. App. 819 (2) (e) (572 SE2d 370) (2002) (finding no deficient performance when defense counsel did not conduct individual voir dire of two jury panels because he received all the information he needed from general voir dire); see also *Cade v.*

*State,* 289 Ga. 805 (4) (716 SE2d 196) (2011) (concluding trial counsel made reasonable strategic decisions in declining to pursue further questioning of two jurors).

In addition, Bright has not presented any evidence that additional questioning of the potential jurors would have revealed an improper bias against him or established that the jurors were not qualified to serve. Of the jurors whom Bright believes should have been examined more thoroughly, the four who had a close relative or friend who had been murdered stated that the experience would not affect their ability to be fair and impartial in this case. Contrary to Bright's assertion, the fifth juror was neither the victim of a violent crime nor close to anyone who had been murdered. Because each of the jurors who served appears to have been fully qualified, Bright has failed to demonstrate that trial counsel's performance resulted in actual harm. See *Cade,* 289 Ga. at 809. Accordingly, his claim of ineffective assistance of counsel based on trial counsel's performance during voir dire fails.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013.

*Brown & Gill, Angela B. Dillon,* for appellant.
*Robert D. James, District Attorney, Deborah D. Wellborn, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General,* for appellee.