**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 10, 2014

# In the Court of Appeals of Georgia

A14A0254. SANCHEZ v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for child molestation, Antonio Sanchez argues that his trial counsel was ineffective for failing to request a jury charge on sexual battery as a lesser included offense. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted).

So viewed, the record shows that in the spring of 2011, the victim was 15 years old and living with her mother, her stepfather Sanchez, and her younger siblings when Sanchez entered her bedroom while she was asleep and got into her bed. Sanchez covered the victim's mouth with his hand, forced her left arm and leg away from her body, and touched her breasts under her t-shirt and bra. When the victim succeeded in pushing Sanchez away, he got up, opened the window, and left the room. During Thanksgiving break the same year, while the victim's mother was in the hospital following the birth of another child, Sanchez called the victim into an empty bedroom and attempted to force her down on a bed. When the victim's brother entered the room, the victim succeeded in pushing Sanchez away.

Soon after the second incident, a teacher visiting the victim's health class encouraged anyone who had been the victim of a sexual assault to write an anonymous letter to the teacher. Following this suggestion, the victim wrote an anonymous letter including a statement that her stepfather had tried to rape her. The victim's health teacher gave the letter to a school counselor, who identified the victim as the author of the letter and confirmed with the victim her account of Sanchez's

2

attack. The counselor then reported the matter to the Department of Family and Child Services, who referred the matter to City of Smyrna police. When the victim again confirmed her account to police, they interviewed Sanchez, who admitted that he had covered the victim's mouth in the course of a game, that he might have touched the victim's body under her shirt inadvertently at that time, and that he had apologized to the victim for the incident.

At Sanchez's trial, the victim testified as to the details of the attacks. Sanchez was charged with and found guilty of child molestation. His motion for new trial was denied.

1. The evidence outlined above was sufficient to sustain Sanchez's conviction for child molestation. See OCGA § 16-6-4 (a) (1) (defining child molestation as performing "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person"); *Cobb v. State*, 254 Ga. App. 48 (1) (561 SE2d 124) (2002) (victim's testimony alone was sufficient to sustain conviction for crimes including child molestation); *Jackson*, supra.

2. Sanchez's sole argument on appeal is that trial counsel was ineffective in failing to request a jury charge on sexual battery as a lesser included offense of child molestation.[1] We disagree.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985), citing *Strickland v. Washington*, 466 U. S. 668, 687 (II) (104 SCt 2052, 80 LE2d 674) (1984). As to deficient performance, "every effort must be made to eliminate the distorting effects of hindsight," and the trial court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *White v. State*, 265 Ga. 22, 23 (2) (453 SE2d 6) (1995) (citation and punctuation omitted.) As to prejudice, a defendant need only show "a reasonable probability of a different outcome" due to trial counsel's deficient performance. *Cobb v. State*, 283 Ga. 388,

---

[1] In passing, Sanchez also asserts that the trial court erred in failing to deliver a sexual battery charge and that counsel should have objected to a charge on criminal attempt to commit child molestation. Both of these assertions impermissibly expand Sanchez's assertion of error, which is limited to whether trial counsel provided effective assistance when she failed to request a charge on sexual battery as a lesser included offense of child molestation. See *Kohlhaas v. State*, 284 Ga. App. 79, 85 (2) (e) (643 SE2d 350) (2007) (defendant could not expand enumeration of error concerning ineffective assistance "to an issue not contained in the original enumeration").

391 (2) (658 SE2d 750) (2008) (punctuation and footnote omitted). Finally, the question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000) (footnote omitted).

On the morning of trial, Sanchez filed his request for jury charges, including a charge on sexual battery as a lesser included offense of child molestation. At the hearing on Sanchez's motion for new trial, trial counsel testified that Sanchez had not wanted to give the jury the opportunity to convict him on the lesser offense of sexual battery, and that Sanchez and trial counsel decided to adopt an "all-or-nothing" strategy under which the jury would face the choice of finding Sanchez guilty of either child molestation or no crime at all. Sanchez and counsel made this decision because they agreed that they had a substantial chance of obtaining an acquittal on the child molestation charge. Trial counsel also testified that Sanchez had told him that any felony conviction, including one for sexual battery, would make his federal prosecution for illegal re-entry to the United States much more likely and thus endanger his relationship with all of his children. For these reasons, counsel testified, Sanchez "felt strongly" that an all-or-nothing strategy was appropriate. After these

deliberations with Sanchez, trial counsel decided to withdraw a request for a jury charge on the crime of sexual battery.

As this Court has held, a decision not to request a jury instruction on a lesser offense in order to obtain an outright acquittal "is a matter of trial strategy" best left to the judgment of counsel after consultation with a client. *Owens v. State*, 288 Ga. App. 771, 774 (2) (655 SE2d 244) (2007) (citation and punctuation omitted). Here, the testimony of trial counsel authorized the trial court to conclude that trial counsel did not perform deficiently when, after consultation with Sanchez, he made the reasonable strategic decision not to request a charge on the crime of sexual battery. *Allen v. State*, 286 Ga. App. 469, 474 (2) (b) (649 SE2d 583) (2007) ("an informed tactical decision to make an all-or-nothing defense," and abandoning any charge on lesser included offenses, could not provide a basis for a claim of ineffective assistance) (citation omitted). Finally, in his statement to the investigating detective, Sanchez denied any contact with the intimate parts of the victim's body. Because Sanchez was therefore guilty of either child molestation (under the State's version of the facts) or of nothing at all (under Sanchez's version of the same), he cannot show that he was prejudiced by counsel's failure to request a charge on sexual battery as a lesser included offense of child molestation. *Smith v. State*, 310 Ga. App. 392, 396 (2)

(713 SE2d 452) (2011) (where evidence showed either completed offense of child molestation as indicted "or no crime at all," a trial court did not err when it failed to instruct the jury on sexual battery); *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010) (defendant convicted of child molestation was not prejudiced by counsel's failure to obtain charge on sexual battery when it was "highly unlikely" that defendant "inappropriately touched the victim but did not do so for sexual gratification").

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*