**THIRD DIVISION**
**RICKMAN, C. J.,**
**DOYLE, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 28, 2023**

# In the Court of Appeals of Georgia

A22A1640. BURNETT v. THE STATE.

DOYLE, Presiding Judge.

Jonathan Burnett appeals from an order of the Superior Court of Glynn County, denying his motion for new trial after a jury found him guilty of one count of aggravated sodomy and two counts of child molestation.[1] On appeal, Burnett challenges the sufficiency of the evidence and argues that he was denied effective assistance of counsel. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the verdict,[2] the record shows the following. When Z. N. was eight years old, she told her cousin that, two years earlier, Burnett had "raped" her and specifically that he had touched her "bottom" with his

---

[1] See OCGA §§ 16-6-2 (a) (2); 16-6-4 (a) (1).

[2] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

hands and had put his "private part," which she identified as his penis, inside her "bottom." Z. N. testified to these acts at trial.

Burnett was indicted with the three charges involving Z. N., as well as ten charges involving a second alleged victim, J. W. The jury found Burnett not guilty of all charges involving J. W., but found him guilty of the three charges involving Z. N. Following a hearing, the trial court denied Burnett's motion for new trial. This appeal followed.

1. Burnett argues that, notwithstanding contrary authority, such as *Kea v. State*,[3] the evidence was so weak and contradictory that a rational jury could not have found him guilty of the charges. Other than *Kea*, Burnett cites only to *Jackson v. Virginia*[4] in support of his argument, and does not cite to any portions of the trial transcript. Specifically, Burnett contends that the evidence was so weak that the charges involving Z. N. were not brought until the allegations involving J. W. came to light. Because Burnett was found not guilty of the charges involving J. W., he argues that the evidence presented with respect to her cannot buttress the evidence regarding Z. N.

---

[3] 344 Ga. App. 251 (810 SE2d 152) (2018).

[4] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

As this Court stated in *Kea*,

[i]n reviewing a challenge to the sufficiency of the evidence to support a conviction, the relevant question [under *Jackson v. Virginia*[5]] is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In applying this standard, we do not resolve conflicts in the testimony, weigh the evidence, or draw inferences from the evidence, as those are functions of the jury. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[6]

Assuming arguendo that Burnett did not abandon this argument by failing to support it with citations of authority and with specific references to the record,[7] we hold that the evidence was sufficient to authorize the jury to find that Burnett committed the offenses of aggravated sodomy and child molestation, as charged in

---

[5] 443 U. S. at 319 (III) (B).

[6] (Citations and punctuation omitted.) 344 Ga. App. at 252 (1) (a).

[7] See Court of Appeals Rule 25 (d) (1).

3

the indictment. The testimony of Z. N., who was ten years old at the time of trial, alone was sufficient.[8]

2. Burnett argues that he was denied effective assistance of counsel based on the cumulative errors made by his trial attorney.

> To prevail on a claim of ineffective assistance of counsel, a defendant generally must show that counsel's performance was deficient and that the deficient performance resulted in prejudice to the defendant. To satisfy the deficiency prong, a defendant must demonstrate that his attorney performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms. This requires a defendant to overcome the strong presumption that trial counsel's performance was adequate. To carry the burden of overcoming this presumption, a defendant must show that no reasonable lawyer would have done what his lawyer did, or would have failed to do what his lawyer did not. In particular, decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course. To satisfy the prejudice prong, a

---

[8] See *Bowman v. State*, 332 Ga. App. 766, 769 (1) (774 SE2d 805) (2015) ("It is axiomatic that the testimony of a single witness is sufficient to prove the elements of the crime charged. This rule is often applicable to child molestation cases where . . . the victim and the defendant are the only people present when the alleged molestation occurs.") (citations and punctuation omitted); see also OCGA §§ 17-3-1 (c); 17-3-2.1 (a) (3), (a) (5), (b) (4) (b) (5) (detailing seven-year limitation period where the victim is under 16).

defendant must establish a reasonable probability that, in the absence of counsel's deficient performance, the result of the trial would have been different. If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test,[9] the reviewing court does not have to examine the other prong.[10]

"Moreover, we will affirm a trial court's determination that a defendant has received effective assistance of counsel in the absence of clear error."[11]

(a) Burnett complains that his trial counsel failed to adequately investigate and prepare for trial. Burnett specifically contends that trial counsel did not seek funds for an investigator, did not interview witnesses, did not seek an in camera inspection of the victims' records from school and the Georgia Department of Family and Children's Services ("DFCS"), did not retain an expert in the forensic interviewing of children, could not even recall whether he had listened to the recordings of statements made by key witnesses, admitted he had no strategy to rebut the State's

---

[9] See *Strickland v. Washington*, 466 U. S. 668, 694 (III) (B) (104 SCt 2052, 80 LE2d 674) (1984).

[10] (Citations and punctuation omitted.) *Anthony v. State*, 311 Ga. 293, 294-295 (1) (857 SE2d 682) (2021).

[11] *Leaptrot v. State*, 272 Ga. App. 587, 592 (2) (612 SE2d 887) (2005).

expert, failed to prepare Burnett to testify, and did not request a continuance despite being unprepared for trial.

Burnett has failed to show that his counsel's performance was deficient. "[D]eficiency cannot be demonstrated by merely arguing that there is another, or even a better, way for counsel to have performed."[12] Burnett has also failed to establish prejudice. For example, he has failed to produce any of the DFCS or school records that he contends his trial attorney should have reviewed.[13] "The simple fact that additional documents might have been helpful is not enough."[14]

(b) Burnett argues that he was denied effective assistance of counsel during jury selection, when his attorney asked only seven questions, did not meaningfully follow up on information obtained from the juror questionnaire cards, and did not use all available peremptory strikes.

"The decision on which jurors to accept and which jurors to strike is one of trial strategy, and trial counsel's strategic decisions made after thorough investigation

---

[12] *Davis v. State*, 306 Ga. 140, 144 (3) (829 SE2d 321) (2019).

[13] See *Gilmer v. State*, 339 Ga. App. 593, 600 (2) (d) (794 SE2d 653) (2016).

[14] *Dority v. State*, 335 Ga. App. 83, 107 (4) (i) (780 SE2d 129) (2015).

are virtually unchallengeable."[15] In this case, trial counsel testified at the motion for new trial hearing, inter alia, that he had reviewed the juror questionnaires, he did not use his last peremptory strike because he was satisfied with the jurors, and he did not ask more questions because he was concerned about tainting the entire panel. The trial court did not err in finding that trial counsel's questioning during voir dire was the result of trial strategy that was professionally reasonable.[16] Further, Burnett has not established prejudice as he has not presented any evidence that additional questioning of the potential jurors would have revealed an improper bias against him or established that the jurors were not qualified to serve.[17]

(c) Burnett argues that trial counsel was ineffective in waiving an initial opening statement and waiting until the State had rested its case to make an opening statement.

At the motion for new trial hearing, trial counsel testified that it was part of his trial strategy not to give an opening statement at the beginning of the trial in order not

---

[15] (Citation and punctuation omitted.) *Port v. State*, 295 Ga. App. 109, 113 (2) (c) (671 SE2d 200) (2008).

[16] See *Bright v. State*, 292 Ga. 273, 275 (2) (b) (736 SE2d 380) (2013).

[17] See id. at 276 (2) (b).

to show the prosecution the defense's hand too early. "Such a reasonable strategic decision does not amount to ineffective assistance."[18]

(d) Burnett contends that counsel was ineffective in his cross-examination of Z. N. and specifically in failing to explore an inconsistency in the dates of the offenses.

Trial counsel testified that Z. N. was crying as she came into the courtroom and that he did not want to come across as a "bully" in cross-examining her. "[T]he scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel."[19]

(e) Burnett argues that trial counsel was ineffective because he mishandled expert testimony by failing to cross-examine the State's expert and failing to secure his own expert.

---

[18] *Lawrence v. State*, 286 Ga. 533, 534 (2) (690 SE2d 801) (2010).

[19] (Citation and punctuation omitted.) *Cooper v. State*, 281 Ga. 760, 762 (4) (a) (642 SE2d 817) (2007); see *Campos v. State*, 263 Ga. App. 119, 122 (587 SE2d 264) (2003) (holding that trial counsel was not ineffective for declining to call the child victim as a witness for purposes of cross-examination).

Even assuming that trial counsel's performance was deficient in this regard, Burnett has not attempted to show what favorable evidence counsel should have elicited and thus has failed to show prejudice.[20]

(f) Burnett argues that trial counsel was ineffective in failing to ask him if he was not guilty when he took the stand in his own defense.

The trial court advised the jury that Burnett had pled not guilty to the charges in the indictment, and Burnett testified that the only time he had touched Z. N.'s "bottom" was when he spanked her with her mother's permission. Burnett also testified that he was never alone with Z. N. Burnett has again failed to establish a reasonable probability that the outcome of the trial would have been different absent counsel's alleged deficient performance.[21]

(g) Burnett contends that counsel was ineffective for failing to request a jury instruction on sexual battery as a lesser included offense.

---

[20] See *Lawrence*, 286 Ga. at 534 (2).

[21] See *Key v. State*, 247 Ga. App. 796, 797 (2) (545 SE2d 363) (2001) (no prejudice from counsel's failure to elicit specific testimony from the defendant regarding the timing of a robbery where the jury had already heard evidence regarding the discrepancy in timing).

9

With regard to Count 11 (aggravated sodomy) and Count 12 (child molestation by placing his penis on Z. N.'s buttocks), the evidence would not have supported such a charge, and Burnett thus cannot show that he was prejudiced by counsel's failure to request the charge.[22] With regard to Count 13, which charged Burnett with child molestation by placing his hand on Z. N.'s buttocks,[23] there was some evidence to support a charge of the lesser included offense of sexual battery as Burnett testified that he had spanked Z. N.

"Deciding which jury instructions to request is a matter of trial strategy."[24] Burnett failed to question trial counsel regarding this matter at the hearing on his motion for new trial. Specifically, it is unclear whether trial counsel inadvertently failed to request a jury charge on a lesser included offense or opted for an "all or nothing" defense, which is a permissible trial strategy.[25] Absent a proffer of the

---

[22] See *Sanchez v. State*, 327 Ga. App. 500, 502 (2) (759 SE2d 576) (2014).

[23] See OCGA § 16-6-4 (a) (1).

[24] *Goodson v. State*, 305 Ga. 246, 250 (2) (b) (824 SE2d 371) (2019).

[25] See *Smith v. State*, 301 Ga. 348, 353-354 (III) (b) (801 SE2d 18) (2017).

necessary evidence to support this claim, Burnett's claim of ineffective assistance of trial counsel fails.[26]

(h) Burnett contends that trial counsel was ineffective in not spending more time during closing argument addressing the charges involving Z. N.

"Defense counsel is permitted wide latitude in making an opening statement and closing arguments and is not ineffective simply because another attorney might have used different language or placed a different emphasis on the evidence."[27] In denying the motion for new trial, the trial court found that, in closing argument,

> counsel outlined the defense's theories that [the other alleged victim's] mother had compelled her to fabricate the allegations and that [Z. N.] had lied about being spanked. [Counsel] pointed out that the State had no medical evidence and that reasonable doubt was apparent. Moreover, Burnett was acquitted on ten of the thirteen charges. This is a relevant factor which belies Burnett's claim that his counsel's closing fell below the *Strickland* standard.

---

[26] See *Daniels v. State*, 296 Ga. App. 795, 803 (5) (h) (676 SE2d 13) (2009).

[27] (Citation and punctuation omitted.) *Merritt v. State*, 310 Ga. 433, 435 (2) (a) (851 SE2d 555) (2020).

We find no clear error in the trial court's finding that counsel was not ineffective in his closing argument.[28]

(i) Burnett argues that trial counsel's performance during the sentencing phase of the trial was ineffective in that counsel failed to request a continuance, present mitigation evidence, and argue for merger.

Burnett has failed to identify any mitigation evidence and thus cannot establish prejudice.[29] He has also failed to support his argument with citation of authority.[30] Burnett has thus not shown a reasonable likelihood that the result of the proceeding would have been different had counsel argued that the convictions should merge.[31]

---

[28] See *Haynes v. State*, 234 Ga. App. 272, 275 (4) (507 SE2d 151) (1998).

[29] See *St. Germain v. State*, 358 Ga. App. 163, 165 (1) (b) (853 SE2d 394) (2021).

[30] See Court of Appeals Rule 25 (d) (1).

[31] See *Turnbull v. State*, 317 Ga. App. 719, 727-728 (2) (d) (732 SE2d 786) (2012). At trial, Z. N. described conduct that happened "[t]en times." See *Pavlov v. State*, 362 Ga. App. 831, 835-837 (2) (870 SE2d 449) (2022) (trial court did not err in failing to merge distinct acts of child molestation and aggravated child molestation convictions for sentencing).

(j) Burnett argues that the trial court should have granted a new trial based on counsel's cumulative errors. Because Burnett has failed to show multiple errors, this claim fails.[32]

3. Burnett contends that he was denied effective assistance of counsel because his attorney had a conflict of interest in that counsel's mother represented DFCS for several Georgia counties and, at the time of trial, counsel had been accepted into the Judge Advocate's General ("JAG") Corps of the United States Army.

> One component of the right to the effective assistance of counsel is the right to representation that is free of actual conflicts of interest. An actual conflict, for purposes of the right to counsel, is a conflict of interest that adversely affects counsel's performance, not just a mere theoretical division of loyalties. If the defendant shows that his trial counsel had an actual conflict of interest, he need not show that the outcome of the proceedings would have been different to receive a new trial. Instead, prejudice is presumed if the defendant demonstrates that the conflict of interest existed and that it significantly affected counsel's performance.[33]

---

[32] See *Jones v. State*, 358 Ga. App. 584, 589 (4) (855 SE2d 761) (2021).

[33] (Citations and punctuation omitted.) *Moss v. State*, 312 Ga. 202, 205-206 (2) (862 SE2d 309) (2021).

Although we owe no deference to the trial court's application of the law to the facts, as the reviewing court, we "owe [s]ubstantial deference . . . to the way in which the trial court assessed the credibility of witnesses and found the relevant facts. To that end, we must accept the factual findings of the trial court unless they are clearly erroneous, and we must view the evidentiary record in the light most favorable to the findings and judgment of the trial court."[34]

(a) Burnett argues that a conflict of interest existed because his counsel's law firm concurrently represented DFCS as a Special Assistant Attorney General ("SAAG") representing five counties, three of which were in the Brunswick Judicial Circuit, which includes Glynn County.[35] According to Burnett, this necessitated the law firm working with the same District Attorney that prosecuted Burnett's case and any request to inspect the DFCS files of the victims would be directed to the same agency the law firm represented. To support this claim, Burnett presented evidence at the motion for new trial hearing from counsel's law firm website that, as the trial court found, "arguably implies that [trial counsel] and his mother are law partners[.]"

[34] (Citations omitted.) *Tolbert v. State*, 298 Ga. 147, 151 (2) (a) (780 SE2d 298) (2015).

[35] See OCGA § 15-6-1 (7) ("Brunswick Judicial Circuit [is] composed of the Counties of Appling, Camden, Glynn, Wayne, and Jeff Davis[.]").

Burnett argues that this conflict appears to have affected counsel's representation, in that counsel did not file a motion for in camera inspection of DFCS files in this case.[36]

> However, the trial court did not clearly err in its further factual findings:
>
> [Trial counsel] testified that he shares office space with his mother, that they are not a partnership, and that she does not pay his salary. Additionally, it remains uncontroverted that [counsel's] mother does not practice in Glynn County as a SAAG and that, more importantly, [DFCS] was not involved as either a party or as a witness in these proceedings. Moreover, there is no evidence of record reflecting that [counsel] discussed Burnett's case with his mother or that she or anyone else from [DFCS] advised the State as to any aspect of the case.

Viewing the evidence in the light most favorable to the trial court's findings, the trial court did not clearly err in finding there was no actual conflict.

(b) Finally, Burnett contends that his attorney had a conflict of interest because he had already applied for and accepted a prosecutorial position with the Army JAG Corps.

---

[36] See *Pryor v. State*, 333 Ga. App. 408, 412 (2) (776 SE2d 474) (2015) ("The critical question is whether the conflict significantly affected the representation, not whether it affected the outcome of the underlying proceedings.") (citation and punctuation omitted).

Trial counsel testified at the motion for new trial hearing that he had not yet begun working as a JAG officer when he tried Burnett's case, that the case had nothing to do with the military, and that his role as a JAG officer would also involve defense work. The trial court did not clearly err in finding that there was "no indication that [trial counsel's] post-trial employment as a JAG had any significant or adverse effect on his representation."[37] Accordingly, the trial court did not err in denying Burnett's motion for new trial on this ground.

*Judgment affirmed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[37] Compare *Sallie v. State*, 269 Ga. 446, 448 (2) (499 SE2d 897) (1998) (reversing convictions because an actual conflict of interest existed where a lawyer represented a capital defendant in the same court in which he was a full-time law clerk); see *Cuyler v. Sullivan*, 446 U. S. 335, 350 (IV) (B) (100 SCt 1708, 64 LE2d 333) (1980) ("[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.").