S04A1624. FULLER v. THE STATE.

(607 SE2d 581)

SEARS, Presiding Justice.

The appellant, Veronica Fuller, appeals from her conviction for the murder of Wilbert White.[1] On appeal, Fuller contends, among other things, that she received ineffective assistance of trial counsel; that the trial court erred by charging on involuntary manslaughter; and that the trial court erred by allowing the State to introduce improper character evidence against Fuller. For the reasons that follow, we conclude that Fuller's contentions are without merit, and, accordingly, we affirm her conviction.

1. The evidence showed that on July 9, 2002, Fuller and a friend, Ginelle Smith, went to a park in downtown Atlanta to find the victim, Wilbert White. According to two eyewitnesses, when Fuller and Smith arrived at the park, Fuller got out of the car, brandished a knife, and walked towards White. Fuller began to ask White for money, referring to the thirty dollars she had given White earlier that

---

[1] The crimes occurred on July 9, 2002, and Fuller was indicted on October 3, 2003. A jury trial occurred on November 10, 2003. The trial court charged the jury on malice murder, felony murder, aggravated assault, possession of a firearm during the commission of a felony, making terroristic threats, involuntary manslaughter, and self-defense. On November 10, the jury found Fuller guilty of felony murder, aggravated assault, and the possession offense, but not guilty of malice murder, involuntary manslaughter, and making terroristic threats. Fuller was sentenced to life in prison for felony murder and to five years in prison for the possession offense. Fuller obtained new counsel for appeal, and on November 21, Fuller filed a motion for new trial. On January 7, 2004, the court reporter certified the trial transcript, and on February 16, 2004, Fuller filed an amended motion for new trial. On March 16, 2004, the trial court denied the motion for new trial, as amended, and on March 23, Fuller filed a notice of appeal. On June 2, 2004, the appeal was docketed in this Court, and on July 26, 2004, the case was submitted for decision on briefs.

day to buy her groceries, but White stood motionless and did not answer. Again, Fuller demanded that White give her the money, saying that she would "f**k him up," but White told Fuller that he did not have it. The eyewitnesses testified that White seemed calm and made no aggressive motions, but that Fuller lunged towards White and stabbed him in the stomach. Afterward, Smith got out of the car and told Fuller that they should leave, but before leaving, Fuller told White that he better have her money next time or that she would kill him. After Fuller left, White stumbled to a nearby sidewalk and died. Fuller fled to New York where she was arrested. In a pre-trial statement to New York authorities, Fuller stated that the stabbing was an accident. At trial, Fuller testified that when she asked White for the money, he called her a "bitch" and told her "to get out of here." Fuller added that, at that point, she pulled out her knife, and he grabbed her arm and began to push her to the ground. Fuller testified that she stabbed him because she "feared he was going to harm [her]."

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Fuller guilty of felony murder beyond a reasonable doubt.[2]

2. Fuller contends that, for several reasons, she received ineffective assistance of trial counsel. For the following reasons, we find no merit to these contentions.

(a) Fuller contends that she was denied effective assistance of counsel because counsel persuaded the trial court to instruct the jury on the legally inconsistent charges of self-defense and lawful act-unlawful manner involuntary manslaughter. We disagree.

As Fuller correctly notes, a defendant who asserts that he killed a victim in self-defense is not also entitled to an instruction on involuntary manslaughter. The reason is that if the defendant is "justified in killing under OCGA § 16-3-21 . . . , he is guilty of no crime at all. If he is not so justified, the homicide does not fall within the 'lawful act' predicate of OCGA § 16-5-3 (b)."[3] Fuller contends that trial counsel's performance was deficient in pursuing charges on both self-defense and involuntary manslaughter, and that charging on both prejudiced her by detracting from her claim of self-defense. Pretermitting whether trial counsel's performance was deficient in pursuing both charges,[4] we conclude that Fuller has failed to carry

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Saylors v. State*, 251 Ga. 735, 737 (309 SE2d 796) (1983). Accord *Mize v. State*, 277 Ga. 148, 149 (586 SE2d 648) (2003); *Brown v. State*, 277 Ga. 53, 54-55 (586 SE2d 323) (2003).

[4] In this regard, we note that defendants typically request charges on both self-defense and involuntary manslaughter, and then, if the trial court does not charge on both, contend on appeal that the trial court erred in failing to do so. See *Mize*, 277 Ga. at 149; *Wills v. State*, 258 Ga. 477, 477-478 (371 SE2d 376) (1988).

her burden to demonstrate prejudice. In this regard, Fuller contends that self-defense is a claim that a killing was unlawful but legally justified and that involuntary manslaughter is a claim that a killing was lawful but done in an unlawful manner. She further contends that, because of the "lawful act" language in the involuntary manslaughter charge, the jury may have become confused and thought that, to find that she acted in self-defense, it had to find that her act of stabbing White was lawful. Finally, Fuller contends that the jury may have been unwilling to make such a finding and thus rejected her claim of self-defense.

We disagree with Fuller's claim of prejudice, as Fuller's premise for the claim — that self-defense is an unlawful but legally justified act — is incorrect. In fact, the reason that a defendant is not entitled to a charge on self-defense and lawful act-unlawful manner involuntary manslaughter is that, if a defendant acts in self-defense, he is guilty of no crime (the act is lawful) and thus cannot be guilty of involuntary manslaughter. Moreover, given that the victim was unarmed and given the strength of the evidence that Fuller intentionally stabbed the victim for his failure to have her money, Fuller has failed to demonstrate that, if involuntary manslaughter had not been charged, there is a reasonable probability that the outcome of the trial would have been different.[5]

(b) Fuller also contends that trial counsel was ineffective for failing to pursue a charge on voluntary manslaughter. Again, however, we conclude that Fuller has failed to demonstrate that, but for this alleged error, there is a reasonable probability that the result of the trial would have been different. In this regard, even assuming that there was some evidence of voluntary manslaughter,[6] we conclude that, given the strength of the evidence that White did nothing to provoke Fuller other than failing to have her money and that Fuller intentionally stabbed White for that failure, there is not a reasonable probability that, if the jury had been charged on voluntary manslaughter, it would have concluded that she killed White "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person."[7]

(c) Fuller contends that trial counsel provided ineffective assistance by pursuing the defense of self-defense. However, "matters of reasonable trial strategy and tactics do not amount to ineffective

---

[5] *Strickland v. Washington*, 466 U. S. 668, 694 (104 SC 2052, 80 LE2d 674) (1984).

[6] If there is any evidence of voluntary manslaughter, the trial court should give a charge on the offense. *Morgan v. State*, 276 Ga. 72, 76-77 (575 SE2d 468) (2003).

[7] OCGA § 16-5-2 (a).

assistance of counsel."[8] Here, given that Fuller testified that White attempted to push her to the ground and that she stabbed the victim in an attempt to get the victim off her, we cannot conclude that trial counsel acted unreasonably in pursuing a strategy of self-defense.

(d) Fuller also contends that trial counsel provided deficient performance by failing to impeach two eyewitnesses with certified copies of their prior felony convictions. We disagree with this contention.

At the hearing on Fuller's motion for new trial, the only evidence that Fuller offered that the witnesses had prior convictions was the testimony of Fuller's trial counsel. This testimony, however, was inadmissible hearsay and thus of no probative value.[9] Fuller thus failed to prove that the witnesses had prior felony convictions. To prevail on her ineffectiveness claim based on the allegation that trial counsel failed to impeach the witnesses with their prior convictions, Fuller had the obligation to introduce evidence of those convictions at the hearing on her motion for new trial.[10] Because she did not do so, this allegation of ineffective assistance must fail.

Moreover, it appears that, if the witnesses had prior convictions, they were for drug-related offenses. Given the strength of the evidence against Fuller, and given the fact that Fuller thoroughly cross-examined the witnesses regarding drug and alcohol use, we conclude that, even if the witnesses had prior convictions for drug offenses, Fuller failed to carry her burden to show that, but for counsel's alleged error of not introducing the prior convictions, there is a reasonable probability that the outcome of the trial would have been different.

3. Fuller next contends that the trial court erred by charging the jury on involuntary manslaughter. However, as Fuller requested the charge in question, she is procedurally barred from raising this issue on appeal.[11]

4. Fuller contends that the trial court erred by allowing the State to elicit testimony from one of its witnesses that improperly placed her character into evidence. We disagree.

---

[8] *Bales v. State*, 277 Ga. 713, 715 (594 SE2d 644) (2004).

[9] See *Pulliam v. Cantrell*, 77 Ga. 563, 565 (3 SE 280) (1887) (A party may not "prove [the] conviction of a crime by hearsay."). In this State, when a party seeks to impeach a witness with a prior conviction, the party must impeach the witness with a certified copy of the prior conviction, or, if the opposing party makes no objection to the lack of a certified copy, the witness who was convicted of the prior crime may admit the fact of the conviction. See Milich, Georgia Rules of Evidence, § 14.4 (2nd ed. 2002).

[10] See *Simpson v. State*, 278 Ga. 336, 337 (602 SE2d 617) (2004).

[11] *Zellars v. State*, 278 Ga. 481 (604 SE2d 147) (2004); *DeLoach v. State*, 272 Ga. 890, 891-892 (536 SE2d 153) (2000).

Fuller cross-examined the witness concerning why his initial statement to the police did not contain all of the information of Fuller's guilt to which he testified at trial. On re-direct, the State questioned the witness regarding this issue, and the witness responded that he did not initially come forward with everything that he knew because he was concerned with his "business relationships" with Fuller and other people in the area. The witness explained that he "would hold and sell crack cocaine" for people at the park where the crime occurred, and that if he gave information to the police regarding someone who visited the park, it would be bad for his business.

"Evidence that is relevant and material to an issue in a case is not made inadmissible because it incidentally places the defendant's character in issue."[12] In this regard, in *Pruitt*, because the defendant cross-examined a State's witness about why she had delayed many years before reporting her knowledge of the defendant's crime, we held that the State was properly permitted to have the witness explain the reason for the delay even though the reason placed the defendant's character into evidence.[13] Similarly, in the present case, we conclude that the trial court did not err in permitting the State's witness to explain why he did not initially give complete details to the police regarding his knowledge of the crime.

5. Although Fuller contends that a portion of the prosecutor's closing argument was improper, Fuller did not make a timely objection to the argument, and is therefore procedurally barred from raising the issue on appeal.[14]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 2005.

*Clark & Towne, David E. Clark, Oakhurst Law Group, Wystan B. Getz*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.

---

[12] *Pruitt v. State*, 274 Ga. 708, 710 (559 SE2d 470) (2002).

[13] Id.

[14] *Boyd v. State*, 275 Ga. 237, 238 (564 SE2d 185) (2002); *Mullins v. Thompson*, 274 Ga. 366, 367 (553 SE2d 154) (2001); *Butler v. State*, 273 Ga. 380, 384 (541 SE2d 653) (2001).