### A09A0808. FURLOW v. THE STATE.
#### (677 SE2d 412)

BLACKBURN, Presiding Judge.

Following a jury trial, Randy Furlow was convicted on one count of false imprisonment,[1] one count of rape,[2] and two counts of aggravated child molestation.[3] He appeals his convictions and the denial of his motion for new trial, arguing that his trial counsel provided ineffective assistance of counsel by failing to proffer Furlow's anticipated testimony regarding the victim's alleged sexual behavior, which was excluded, and by not objecting or moving for a mistrial when a witness testified regarding Furlow's future dangerousness. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, *Davis v. State*,[4] the evidence shows that Furlow was the uncle of nine-year-old K. W. (his sister's daughter) and often watched his sister's three children after school. On November 18, 2005, just after K. W. and her younger brother had arrived home from school, Furlow told her to go to her room and change out of her school clothes. While she was undressing, Furlow entered her room and told her that she needed to put on

---

[15] (Citation and punctuation omitted.) *Webb v. Rushing*, 194 Ga. App. 732, 733 (2) (391 SE2d 709) (1990).

[1] OCGA § 16-5-41 (a).

[2] OCGA § 16-6-1 (a) (2).

[3] OCGA § 16-6-4 (c).

[4] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

some clothes that were lying in the floor of her closet. As K. W. looked into the closet, Furlow, who had partially removed his pants, grabbed her by the waist and forced her onto his lap. She struggled to get away, but Furlow continued to hold her by the waist while putting his privates into her privates and bottom. After a few minutes, K. W. was able to escape to the living room. Shortly thereafter, her 11-year-old brother got home from school, and K. W. told him what had happened.

Later that night, after her mother had given Furlow a ride to a friend's house, K. W. told her mother that Furlow had sexually molested her. Subsequently, K. W.'s mother dropped the children off at their grandmother's house and drove around much of the night crying and wondering what to do. The next day, after seeing that blood had come from K. W.'s privates while she was bathing, K. W.'s mother took her to the hospital, where an examination indicated that K. W. had suffered a minor injury to her privates that was consistent with sexual abuse. While at the hospital, K. W.'s mother contacted the police to report that Furlow had sexually molested her daughter.

Furlow was arrested and indicted on one count of false imprisonment, one count of rape, and two counts of aggravated child molestation. He was tried and convicted on all counts. Subsequently, he obtained new counsel and filed a motion for new trial, alleging ineffective assistance of trial counsel. Following a hearing, the trial court denied Furlow's motion, giving rise to this appeal.

In his two enumerations of error, Furlow contends that he received ineffective assistance of counsel.

> To establish ineffective assistance of counsel under *Strickland v. Washington*,[5] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency.

*Kurtz v. State*.[6] "Making that showing requires that [Furlow] rebut the strong presumption that [his] lawyer's conduct falls within the wide range of reasonable professional assistance." *Simpson v. State*.[7] "As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of

---

[5] *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[6] *Kurtz v. State*, 287 Ga. App. 823, 825 (652 SE2d 858) (2007).

[7] *Simpson v. State*, 278 Ga. 336, 337 (2) (602 SE2d 617) (2004).

counsel." (Punctuation omitted.) *Beck v. State*.[8] "We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous." *Kurtz*, supra, 287 Ga. App. at 825.

1. Furlow contends that his trial counsel provided ineffective assistance by failing to proffer Furlow's anticipated testimony regarding the victim's alleged sexual behavior, which was excluded, and by failing to get the trial court's ruling to exclude that testimony on the record. We disagree.

At trial, the police officer who interviewed Furlow after his arrest testified that during the course of the interview, Furlow described K. W. as being "hot." While testifying in his own defense, Furlow was asked by his trial counsel what he meant when he described K. W. as "hot." However, before Furlow could explain, the State objected, and a bench conference ensued, which was not transcribed. Immediately thereafter, Furlow's counsel again asked Furlow what he meant by the term "hot," and again, the trial court stopped Furlow from providing an explanation.

Furlow argues that by "hot" he meant that K. W. was already sexually active, which would provide another explanation for her knowledge and for the findings of the doctor's physical examination of her. He further argues that his trial counsel's failure to proffer this testimony and to have the court's ruling excluding it made on the record constituted deficient performance because it precluded him from providing his explanation or appealing the trial court's ruling and because it left the jury with the mistaken impression that he found K. W. sexually attractive. However, during the State's direct examination, the officer who interviewed Furlow testified that he believed that Furlow meant that K. W. was "sexual" when he used the term "hot." Furthermore, on cross-examination, the officer agreed that by "hot" Furlow meant that K. W. had been sexually active with another boy. Thus, given the fact that the jury was made aware of what Furlow meant by the term "hot," Furlow has not met his burden of showing that but for his counsel's alleged error, there is a reasonable probability that the outcome of the trial would have been different. See *Fuller v. State*;[9] *Kurtz*, supra, 287 Ga. App. at 827 (3). Accordingly, the trial court did not err in denying Furlow's claim of ineffective assistance of counsel on this ground.

2. Furlow also contends that his trial counsel provided ineffective assistance by not objecting or moving for a mistrial when a witness testified regarding Furlow's future dangerousness. We discern no prejudice here either.

---

[8] *Beck v. State*, 292 Ga. App. 472, 474 (2) (a) (665 SE2d 701) (2008).
[9] *Fuller v. State*, 278 Ga. 812, 815 (2) (d) (607 SE2d 581) (2005).

"It is manifestly improper for a prosecutor to argue to the jury during the guilt-innocence phase of any criminal trial that if found not guilty, a defendant poses a threat of future dangerousness." (Punctuation omitted.) *Fulton v. State*.[10] Here, during the State's cross-examination of Furlow, he was asked if he had discussed his case with a man named Randall Bingham while the two were incarcerated in the same housing unit of the county jail. Furlow denied doing so. Consequently, the State called Bingham as a rebuttal witness, and he specifically testified about a letter he had written to the State's prosecutor, in which he claimed that Furlow admitted sexually abusing K. W. and in which he expressed his concern that Furlow was a danger to children. The State then tendered Bingham's letter into evidence. Furlow's trial counsel objected, but the court denied his objection and admitted the letter. Thereafter, Bingham read his letter to the jury, which concluded: "I sure hope this guy is not placed back on the street where he can get at my three kids or anybody else's without getting the help he needs first. If this can help you in some way then God bless you and please make sure this guy gets the help he needs before placing him back into society."

Furlow argues that his trial counsel's failure to object or to move for a mistrial when Bingham testified regarding his future dangerousness constituted deficient performance that prejudiced his case. However, as noted, Furlow's trial counsel did, in fact, object to the admission of Bingham's letter. With regard to counsel's decision not to also move for a mistrial once the letter was read, Furlow bore the burden of showing that trial counsel's inaction was so prejudicial to his defense that, but for the deficiency, there was a reasonable probability that the outcome of the trial would have been different. *Fulton*, supra, 278 Ga. at 65 (8). Here, Furlow cannot show that a mistrial was required. "Whether to a grant a mistrial for improper [evidence of future dangerousness] is a matter largely within the trial court's discretion." *Lloyd v. State*.[11] The trial court has other options, including providing curative instructions. Id. Furthermore, given the victim's testimony, the testimony of the outcry witnesses, and the physician's testimony that the victim's injury was consistent with signs of sexual abuse, it is highly probable that the improper testimony from Bingham did not contribute to the verdicts. See *Stroud v. State*;[12] *Mikell v. State*;[13] *Ward v. State*.[14] Accordingly,

---

[10] *Fulton v. State*, 278 Ga. 58, 64 (8) (597 SE2d 396) (2004).
[11] *Lloyd v. State*, 280 Ga. 187, 192 (2) (d) (ii) (625 SE2d 771) (2006).
[12] *Stroud v. State*, 284 Ga. App. 604, 618 (3) (h) (644 SE2d 467) (2007).
[13] *Mikell v. State*, 281 Ga. App. 739, 749 (6) (e) (637 SE2d 142) (2006).
[14] *Ward v. State*, 274 Ga. App. 511, 516-517 (4) (b) (618 SE2d 154) (2005).

because Furlow did not establish the prejudice prong of the *Strickland* test, the trial court did not err in ruling against this claim of ineffective assistance.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED APRIL 7, 2009.

*Joseph S. Key*, for appellant.

*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.