300 Ga. 894
FINAL COPY

S17A0290.  PITTMAN v. THE STATE.

HUNSTEIN, Justice.

Appellant Jahvon Pittman was tried and convicted of murder and related offenses in connection with the shooting death of Maxwell Fiandt.[1]  Pittman

---

[1] On July 2, 2010, a Fulton County grand jury jointly indicted Jahvon Pittman, Hector Marquez and Melville Reid in an eight count indictment as follows: malice murder (Count 1); felony murder predicated on aggravated assault (Count 2); felony murder predicated on criminal attempt to commit armed robbery (Count 3); felony murder predicated on conspiracy to commit armed robbery (Count 4); criminal attempt to commit armed robbery (Count 5); conspiracy to commit armed robbery (Count 6); aggravated assault (Count 7); and possession of a firearm during the commission of a crime (Count 8).

Prior to trial, co-indictee Reid pled guilty to the lesser offense of voluntary manslaughter in exchange for testifying as a witness for the State.  Pittman and Marquez were tried together from January 26 through February 4, 2011.  The jury found Pittman guilty of felony murder predicated on aggravated assault (Count 2), conspiracy to commit armed robbery (Count 6), aggravated assault (Count 7), and possession of a firearm during the commission of a crime (Count 8).  The jury acquitted Pittman of malice murder (Count 1) and could not reach a verdict on the remaining charges (Counts 3, 4 and 5); the State later nolle prossed these three counts.

On February 4, 2011, the trial court sentenced Pittman to life imprisonment for felony murder (Count 2) and five years consecutive for the weapons charge (Count 8) for a total sentence of life plus five years to serve.  The trial court merged the conspiracy to commit armed robbery and aggravated assault charges (Counts 6 and 7) with the felony murder.  However, as observed in Division 3, the merger of the conspiracy charge with the felony murder was error.

Pittman filed a motion for new trial on February 14, 2011, which was amended

appeals, claiming that the trial court erred in denying his motion for a directed verdict of acquittal and alleging ineffective assistance of counsel. Though we find no merit in Pittman's trial phase enumerations, we do find that the trial court erred during sentencing, and, therefore, we must vacate and remand for resentencing.

Viewed in the light most favorable to the jury's verdict, the evidence shows that, at all relevant times, Melville "Teddy" Reid frequently bought drugs from the victim, Maxwell Fiandt. On the evening of March 3, 2010, Reid and his co-worker Hector Marquez agreed to rob Fiandt after Reid's shift ended. Marquez left work and returned with his cousin, Jahvon Pittman; thereafter, the three men drove to Fiandt's apartment complex. To gain entry to the building, Reid contacted Fiandt about purchasing marijuana; after Fiandt let Reid into the complex, Reid let Marquez and Pittman in through a back gate. Reid then went alone to Fiandt's apartment and smoked marijuana with him and two other customers while Marquez and Pittman waited in a nearby stairwell.

---

through new counsel on September 15, 2014. After a hearing, the trial court denied the motion as amended on January 22, 2015. Pittman filed a notice of appeal to this Court on February 18, 2015. The appeal was docketed to the term of this Court beginning in December 2016 and was thereafter submitted for decision on the briefs. We previously affirmed Marquez's convictions and sentences in Marquez v. State, 298 Ga. 448 (782 SE2d 648) (2016).

2

During this time, Marquez sent Reid numerous text messages and eventually called him; Reid told those in Fiandt's apartment that the caller was his mother who was waiting outside with some money for his drug purchase. Reid left the apartment but remained in a stairwell. Marquez and Pittman proceeded to knock on Fiandt's door; after Fiandt answered the door, a skirmish ensued. Fiandt's roommate, Kyle Barrett, saw two men dressed in all black struggling with the victim. One was restraining Fiandt in a bear hug while the other pointed a handgun at Barrett, who retreated to a closet. Moments later a shot was fired. Police officers responded to the scene and found Fiandt lying on the floor; he was later pronounced dead from a gunshot wound to his head.

Law enforcement spoke to Reid on many occasions; he eventually implicated himself, Marquez and Pittman in the crimes. Barrett also identified Marquez as the man that had Fiandt in a bear hug and provided a description of the man with the gun. Police found some drugs, a shell casing, and Marquez's DNA at the scene. Cell phone records showed numerous communications between Reid and Marquez leading up to Fiandt's murder, and video surveillance from the night of the murder showed two men dressed in all black enter the apartment complex from the back entrance prior to the shooting.

During Marquez's case-in-chief, Marquez testified that he, Reid and Pittman went to Fiandt's apartment to procure marijuana and that Pittman accidentally shot Fiandt after a disagreement concerning the form of payment. Pittman presented alibi witnesses during his case-in-chief but did not testify.

1. At the close of the State's case-in-chief, Pittman moved for a directed verdict of acquittal on all counts, arguing that the State failed to corroborate Reid's accomplice testimony as required under former OCGA § 24-4-8.[2] The trial court denied the motion, finding sufficient corroborating evidence to allow the case to go to the jury. Pittman contends now, as he did below, that this was error. We disagree. Former OCGA § 24-4-8 required corroboration of accomplice testimony in felony cases, "where the only witness is an accomplice." Thus, as we explained in Crawford v. State, 294 Ga. 898 (757 SE2d 102) (2014), pursuant to former OCGA § 24-4-8,

> in felony cases in which the State relies on the testimony of an accomplice to the crimes, in order to justify submitting the case for the jury's determination, the State must present the testimony of at least one other witness or evidence of corroborating circumstances. [Cit.] The additional evidence that is required "may be

---

[2] Because Pittman was tried prior to the enactment of the new Evidence Code, we review this case under the former applicable Code section; we note, however, that this provision has been carried over into Georgia's new Evidence Code. See OCGA § 24-14-8.

4

circumstantial and it may be slight, and it need not of itself be sufficient to warrant a conviction of the crime charged." [Cits.] It must, however, be independent of the accomplice's testimony and either directly connect the defendant with the crime or justify an inference that he is guilty. [Cits.] In addition, the independent evidence must corroborate both the identity of the defendant and the fact of his participation in the crime. [Cits.] In other words, corroboration of only the chronology and details of the crimes is not sufficient, and there must be some independent evidence tending to show that the defendant himself was a participant in the crimes. [Cit.] Once the State adduces such evidence, it is "peculiarly a matter for the jury to determine" whether the evidence sufficiently corroborates the accomplice's testimony and warrants a conviction. [Cits.]

(Citations omitted.) Id. at 900-901. While slight evidence is required, "[i]t is not necessary that the corroborating evidence correspond to the accomplice's testimony in every particular." (Citation omitted.) Benbow v. State, 288 Ga. 192, 194 (702 SE2d 180) (2010). Further, "the corroborating evidence may be testimony from another accomplice." Clark v. State, 296 Ga. 543, 547 (769 SE2d 376) (2015).

In making his argument, Pittman focuses on the evidence presented in the State's case-in-chief. However, our review of the trial court's denial of Pittman's motion for a directed verdict of acquittal is not confined to the evidence presented up until the close of the State's case; instead, "[t]he entire

5

evidence is to be examined, and so long as all the evidence justifies the conviction under the appropriate standard, no error is shown by the denial of the motion for directed verdict." Murray v. State, 295 Ga. 289, 290-291 (759 SE2d 525) (2014) (citing Black v. State, 261 Ga. 791, 796 (10) (410 SE2d 740) (1991)). See also Bethay v. State, 235 Ga. 371, 374-375 (219 SE2d 743) (1975) (overruled on other grounds Humphrey v. State, 252 Ga. 525 (1) (314 SE2d 436) (1984)) ("We therefore hold that on appeal of the overruling of a motion for directed verdict of acquittal made at the close of the state's case in chief, the reviewing court can consider all the evidence in the case in determining whether the trial court erred in overruling the motion.").

Reviewing the entirety of the evidence presented at trial, Reid's accomplice testimony that Marquez and Pittman robbed and shot the victim was clearly corroborated by cell phone records, DNA evidence, video surveillance, Barrett's pre-trial identification, numerous eyewitness accounts of what had occurred inside the apartment, and Marquez's testimony implicating Pittman as the shooter. Though Pittman presented an alibi defense at trial, the jury was allowed to disbelieve that evidence and credit the testimony of Pittman's accomplices, as "[r]esolving evidentiary conflicts and inconsistencies and

6

assessing witness credibility are the province of the fact finder, not the appellate court." (Citation and punctuation omitted.) McNeely v. State, 296 Ga. 422, 425 (768 SE2d 751) (2015).

Pursuant to the standard set forth in Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Pittman was guilty of the crimes for which he was convicted. "'It follows that the court did not err in denying [Pittman's] motion for directed verdict of acquittal made at the conclusion of the State's case-in-chief.'" (Citation omitted.) Murray, 295 Ga. at 291-292.

2. Pittman also contends that his trial counsel rendered ineffective assistance for failing to file a motion to sever his trial from that of his co-defendant Hector Marquez. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was professionally deficient and that, but for such deficient performance, there is a reasonable probability that the result of the trial would have been different. See Strickland v. Washington, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). "A court considering a claim of ineffective assistance must apply a 'strong presumption'

7

that counsel's representation was within the 'wide range' of reasonable professional assistance." (Citation omitted.) Harrington v. Richter, 562 U. S. 86, 104 (131 SCt 770, 178 LE2d 624) (2011).  Further, in evaluating deficient performance, the proper inquiry "is focused on what the lawyer did or did not do, not what he thought or did not think," as "hindsight has no place in an assessment of the performance of trial counsel."  (Citations and punctuation omitted.) Hartsfield v. State, 294 Ga. 883, 888 (757 SE2d 90) (2014).  "In reviewing the trial court's decision, 'we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.'"  (Citation and punctuation omitted.) Wright v. State, 291 Ga. 869, 870 (734 SE2d 876) (2012).

Pittman contends, as he did below, that the motion for severance was necessary because his defense was antagonistic to that of his co-defendant and because the insurmountable evidence against Marquez prejudiced Pittman's right to a fair trial.  At the hearing on Pittman's motion for new trial, counsel testified that he looked into filing a motion to sever, but chose not to because he felt it would have been unsuccessful.  Moreover, during his pre-trial investigation, counsel received information from Pittman, his client, that

8

Marquez planned to testify and exonerate Pittman at trial. Based upon the foregoing, trial counsel made the strategic decision not to file a motion to sever. This decision was reasonable. See Strickland, 466 U. S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based . . . on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information."). Accordingly, Pittman has failed to establish that trial counsel acted deficiently.

3. While the evidence was sufficient to support the jury's guilty verdicts, we have noted an error with respect to Pittman's sentence. Though neither party has raised this issue on appeal, "if we notice a merger issue in a direct appeal, as we have here, we regularly resolve that issue, 'even where it was not raised in the trial court and is not enumerated as error on appeal.'" (Citation omitted.) Hulett v. State, 296 Ga. 49, 54 (766 SE2d 1) (2014).

Pittman was charged with three counts of felony murder, but was only found guilty of one: felony murder predicated on aggravated assault. The trial court properly merged the underlying aggravated assault verdict into Pittman's felony murder sentence. However, it erred in also merging Pittman's conspiracy

to commit armed robbery verdict into the felony murder, as these two crimes require proof of an element that the other does not. See Favors v. State, 296 Ga. 842, 848 (5) (770 SE2d 855) (2015) (discussing requirements for merging offenses as a matter of law versus as a matter of fact). Compare OCGA § 16-5-1 (c) (defining felony murder); OCGA § 16-4-8 (defining conspiracy); OCGA § 16-8-41 (defining armed robbery). Because the conspiracy verdict should not have merged into the felony murder sentence, "'[Pittman] has yet to be sentenced for [one] of the crimes' of which he was validly convicted." Hulett, 296 Ga. at 53. Accordingly, we vacate this portion of the trial court's sentencing order and remand the case for resentencing on Count 6.

Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.

Decided April 17, 2017.

Murder. Fulton Superior Court. Before Judge Dempsey.

Eric J. Taylor, for appellant.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Arthur C. Walton, Lyndsey H. Rudder, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Mary C. Greaber, Assistant Attorney General, for appellee.