304 Ga. 605
FINAL COPY

S18A0804.  HINTON v. THE STATE.

WARREN, Justice.

Patrick Hinton was found guilty of felony murder and other crimes in connection with the May 2013 shooting death of Henry Omar Reeves.  On appeal, Hinton contends that his trial counsel rendered ineffective assistance by failing to renew a request for a voluntary manslaughter jury instruction, and that the trial court erred by failing to merge two of his sentences.  Finding no error, we affirm.[1]

---

[1] The murder was committed on May 18, 2013.  Hinton was indicted by a DeKalb County grand jury for malice murder (Count 1), two counts of felony murder — one predicated on aggravated assault and the other on criminal attempt to commit armed robbery (Counts 2 and 3, respectively), aggravated assault (Count 4), criminal attempt to commit armed robbery (Count 5), and possession of a firearm during the commission of a felony (Count 6).  At the conclusion of a trial held from August 11 to 17, 2015, a jury found Hinton not guilty of malice murder but guilty of all other counts.  The trial court sentenced Hinton to life imprisonment for felony murder predicated on aggravated assault (Count 2), a consecutive thirty years for criminal attempt to commit armed robbery (Count 5), and an additional consecutive five years for possession of a firearm during the commission of a felony (Count 6).  The court merged the aggravated assault count (Count 4) for sentencing purposes, and the felony murder count predicated on criminal attempt to commit armed robbery (Count 3) was vacated by operation of law.

Hinton filed a timely motion for new trial on August 18, 2015, which was later amended by his new counsel on January 18, 2017.  A hearing was held on October 4, 2017,

1. Viewed in the light most favorable to the jury's verdict, the evidence presented at Hinton's trial showed that on May 18, 2013, Hinton needed money and initially planned to rob attendees of a beer festival in East Atlanta of iPhones; he advised at least two friends of his general plan to commit robbery. But his plan changed, and instead Hinton and Isaac McCullough decided to rob Reeves, a marijuana dealer they knew. Hinton also told at least one friend about his plan to rob Reeves. That night, Hinton and McCullough lay in wait in the bushes outside of Reeves's house with the intent to rob Reeves at gunpoint. Shortly before the killing occurred, Hinton texted a friend that Hinton was "Lurkn," which testimony at trial confirmed to be a slang term for lying in wait to rob someone. When Reeves arrived home, Hinton and McCullough emerged from their hiding place and ambushed him. Neighbors heard shots around midnight and saw Reeves stumble and fall into the street; he was already dead from a gunshot wound to the chest when police arrived.

Hinton, meanwhile, had been shot in the back during the incident— apparently by McCullough by accident. Friends picked up Hinton and McCullough and dropped them off at Grady Hospital. The bullet removed

and the amended motion was denied on November 13, 2017. Hinton filed a timely notice of appeal on November 16, 2017, and the case was docketed in this Court for the April 2018 term and submitted for a decision on the briefs.

from Hinton's back was a .22 caliber round fired from a pistol that Hinton had given to McCullough before their attempted robbery of Reeves. Police recovered from the crime scene two .22 caliber casings fired from that same pistol and three 9mm casings from a weapon found near Reeves's body. After initially claiming that he was elsewhere, Hinton eventually admitted to police that he had been at Reeves's house but denied shooting Reeves. Before Hinton was arrested roughly nine months after Reeves's murder, Hinton bragged to a friend about shooting someone and getting away with it.

When the case was tried, Hinton's counsel requested a jury charge on voluntary manslaughter. The trial court denied the request, finding there was no evidence to support the charge. Trial counsel did not renew the request after the jury was charged.

Although Hinton has not challenged the sufficiency of the evidence supporting his convictions, it is our customary practice to review the sufficiency of the evidence in murder cases, and we have done so here. After reviewing the record of Hinton's trial, we conclude that the evidence presented against him was sufficient to authorize a rational jury to find beyond a reasonable doubt that Hinton was guilty of the crimes of which he was

convicted. See *Jackson v. Virginia*, 443 U. S. 307, 318-319 (99 SCt 2781, 61 LE2d 560) (1979).

2. Hinton contends that his trial counsel rendered ineffective assistance by failing to renew a request for a jury instruction on voluntary manslaughter. Because Hinton has not shown that any alleged deficiency in counsel's performance was prejudicial, his claim fails.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U. S. 668, 687-695 (104 SCt 2052, 80 LE2d 674) (1984); *Wesley v. State*, 286 Ga. 355, 356 (689 SE2d 280) (2010). To satisfy the deficiency prong, a defendant must demonstrate that his attorney "performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms." *Romer v. State*, 293 Ga. 339, 344 (745 SE2d 637) (2013); see also *Strickland*, 466 U. S. at 687-688. This requires a defendant to overcome the "strong presumption" that trial counsel's performance was adequate. *Marshall v. State*, 297 Ga. 445, 448 (774 SE2d 675) (2015) (citation and punctuation omitted). To satisfy the prejudice prong, a defendant must establish a reasonable probability that, in the absence of

counsel's deficient performance, the result of the trial would have been different. *Strickland*, 466 U. S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong." *Lawrence v. State*, 286 Ga. 533, 533-534 (690 SE2d 801) (2010).

Assuming, without deciding, that counsel's failure to renew the request for a jury instruction on voluntary manslaughter was deficient, Hinton still has not established prejudice[2] — "a *reasonable probability* the jury would have reached a verdict of guilty of voluntary manslaughter" if that charge had been given. *Wadley v. State*, 258 Ga. 465, 466 (369 SE2d 734) (1988) (emphasis in original); see also *Blackwell v. State*, 302 Ga. 820, 827 (809 SE2d 727) (2018).

In *Wadley v. State*, an appellant also raised a claim of ineffective assistance based on counsel's failure to preserve for appeal the issue of a voluntary manslaughter jury instruction that was requested and denied. 258

---

[2] "A person commits the offense of voluntary manslaughter . . . if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . . ." OCGA § 16-5-2 (a). In a murder case, a jury instruction on voluntary manslaughter is required upon request if there is "any evidence" to support that theory. *Johnson v. State*, 297 Ga. 839, 842 (778 SE2d 769) (2015).

Ga. at 465-466. There, the Court assumed, without deciding, that there was some evidence to authorize a charge on voluntary manslaughter. It then assessed only *Strickland*'s second prong and concluded that there was no prejudice—that is, no reasonable probability of a different result at trial — because the evidence "hardly raise[d] a reasonable probability that a jury would return a verdict of voluntary manslaughter" for the defendant, even assuming there was "enough evidence to authorize a charge" in the first place. Id. at 466. See also, e.g., *Blackwell*, 302 Ga. at 827 ("Any such slight evidence of voluntary manslaughter was insufficient, especially in light of the strong evidence of Blackwell's guilt of malice murder, to establish a reasonable probability that the jury would have returned a guilty verdict on voluntary manslaughter rather than murder."); *Darville v. State*, 289 Ga. 698, 701-702 (715 SE2d 110) (2011) ("While this evidence may have been sufficient to authorize a jury charge on voluntary manslaughter, we find it was insufficient under the test applicable to claims of ineffective assistance of counsel to establish a reasonable probability that the jury would have returned a verdict of guilty of voluntary manslaughter.").

So too here. Even assuming, dubiously, that some evidence was presented at Hinton's trial to support a charge of voluntary manslaughter, that

evidence was minimal. By contrast, the State presented strong evidence that Hinton was guilty of the predicate felonies of attempted armed robbery and aggravated assault — the crimes on which his felony murder counts were based. The jury heard evidence that Hinton and McCullough planned to rob Reeves, that they armed themselves with handguns and hid in the bushes outside of Reeves's residence at night, and that they ambushed Reeves when he arrived home. Indeed, the State offered evidence that Hinton told friends of his plan to rob Reeves, and that shortly before the crimes occurred, Hinton texted a friend that he was "Lurkn" — in other words, lying in wait to rob someone. The State also offered evidence, based on Hinton's prior statements, that Hinton lied to police about being at the scene of the murder before he confessed to being there. And although Hinton later claimed that he and McCullough intended to buy marijuana from Reeves on the night of the incident, cell phone records showed no communications between Reeves and either Hinton or McCullough that night. Because the evidence of Hinton's guilt was strong, and any evidence supporting a voluntary manslaughter theory was weak, Hinton has failed to establish a reasonable probability that the jury would have reached a different result, even if it had been charged on voluntary manslaughter. See *Fuller v. State*, 278 Ga. 812, 814 (607 SE2d 581) (2005)

(where jury found defendant not guilty of malice murder but guilty of felony murder and predicate aggravated assault, defendant failed to show — given the strength of the evidence — that but for trial counsel's alleged failure to elicit voluntary manslaughter charge there was a reasonable probability that the result of his trial would have been different).  Hinton has thus failed to show that he was prejudiced by trial counsel's alleged deficiency, and his claim of ineffective assistance of counsel therefore fails.

3. Hinton also contends that because his convictions arose from a single transaction, the trial court erred when it sentenced him for attempted armed robbery instead of first merging his aggravated assault count into his attempted armed robbery count, which would then merge into a single felony murder conviction.  Hinton is incorrect.

In cases like this one, where a defendant is found guilty on multiple counts of felony murder against the same victim, "the decision as to which of the felony murder verdicts should be deemed vacated — a decision that may affect which other verdicts merge and thus what other sentences may be imposed — is left to the discretion of the trial court."  *Cowart v. State*, 294 Ga. 333, 336 (751 SE2d 399) (2013); see also *Davis v. State*, 301 Ga. 397, 404 n.7 (801 SE2d 897) (2017); *McClellan v. State*, 274 Ga. 819, 821 (561 SE2d 82)

(2002).  And if, in exercising that discretion, the trial court elects to sentence the defendant on a felony murder count predicated on one crime, then "it must also sentence him" on any remaining crime that served as a predicate to a vacated felony murder count when the other crime does not merge with the felony murder conviction on which a sentence was entered.  *Davis*, 301 Ga. at 404 n.7; see also *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006) (two crimes do not merge if each crime "requires proof of a fact which the other does not" (punctuation omitted)).

Here, the trial court acted within its discretion when it chose to sentence Hinton on the felony murder conviction predicated on aggravated assault.  It then properly merged the underlying aggravated assault count into the felony murder conviction predicated on aggravated assault and vacated the felony murder count predicated on criminal attempt to commit armed robbery.  At that point, Hinton's conviction for attempted armed robbery did not merge with his sentence for felony murder predicated on aggravated assault.  That is because the crime of felony murder predicated on aggravated assault required proof of an element — "the death of another human being," OCGA § 16-5-1 (c) — that criminal attempt to commit armed robbery did not.  See *Flournoy v. State*, 294 Ga. 741, 747 (755 SE2d 777) (2014); *Thomas v. State*, 292 Ga. 429, 433 (738

SE2d 571) (2013). And the crime of criminal attempt to commit armed robbery required proof of elements — the "intent to commit theft" and "a substantial step toward" "tak[ing] property of another," OCGA §§ 16-8-41 (a), 16-4-1 — that the felony murder predicated on aggravated assault did not. See, e.g., *Norris v. State*, 302 Ga. 802, 805 (809 SE2d 752) (2018); *Pittman v. State*, 300 Ga. 894, 899 (799 SE2d 215) (2017). Because the two crimes did not merge, the court properly sentenced Hinton on the conviction for criminal attempt to commit armed robbery. See *Hill v. State*, 281 Ga. 795, 797 (642 SE2d 64) (2007) (trial court did not err by merging predicate aggravated assault count into felony murder count for which the defendant was sentenced, and then entering separate sentence on armed robbery count); see also *Stewart v. State*, 299 Ga. 622, 627-628 (791 SE2d 61) (2016) (remanding for trial court to sentence on armed robbery count and citing *Hill*). Hinton's sentence for criminal attempt to commit armed robbery is therefore affirmed.

Judgment affirmed. All the Justices concur.

Decided October 22, 2018.

Murder. DeKalb Superior Court. Before Judge Barrie.

Tyler R. Conklin, for appellant.

Sherry Boston, District Attorney, Anna G. Cross, Roderick B. Wilkerson, Aimee F. Sobhani, Shannon E. Hodder, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.