**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J. and MARKLE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 5, 2021**

# In the Court of Appeals of Georgia

A18A0279. WILLIAMS v. THE STATE.

MARKLE, Judge.

Kenneth Howard Williams was convicted of two counts of child molestation and one count of aggravated sexual battery. *Williams v. State*, 347 Ga. App. 6 (815 SE2d 590) (2018). On appeal, we affirmed the child molestation convictions, but reversed the conviction for aggravated sexual battery on the ground that the trial court's jury instruction under then-existing law relieved the State of its burden to prove lack of consent. *Williams*, 347 Ga. App. at 9-11 (2). The Supreme Court of Georgia granted certiorari and reversed our decision, holding that the trial court did not plainly err in giving the complained-of jury instruction. *State v. Williams*, 308 Ga. 228, 232-233 (2) (838 SE2d 764) (2020).

We now adopt the Supreme Court of Georgia's decision as our own and conclude that the trial court did not plainly err in giving the jury instruction. And because nothing in the Supreme Court's opinion affected our rulings on the merits in the other divisions, we need not revisit them. *Wilder v. State*, 313 Ga. App. 448 (721 SE2d 661) (2011). However, Williams raised two ineffective assistance of counsel claims that we did not address in the earlier opinion in light of our reversal of the aggravated sexual battery conviction. Because the Supreme Court's opinion and remand to this Court puts those arguments before us, we now consider those claims.

We begin by briefly setting out the facts relevant to Williams's claims.[1] In 2013, then-four-year-old E. H. made an outcry to her mother that her grandfather, Williams, had been touching her private parts. Williams had his wife compose and send an e-mail to the victim's mother, in which Williams admitted touching the victim, but claimed that the victim initiated the contact by taking his finger and placing it on her vagina.

In a forensic interview, which was recorded and played for the jury, E. H. stated that he touched both the inside and outside of her vagina. At trial, E. H. stated

---

[1] For a full recitation of the facts, see *Williams*, 347 Ga. App. at 7-8.

2

that Williams touched her "in" her privates, but also testified that he only touched the outside of her vagina.

Trial counsel requested that the jury be charged as to the lesser included offense of sexual battery for the child molestation count.[2] During the jury charge conference, the trial court expressed confusion over this request, wondering why the lesser included applied to the molestation count but not the aggravated sexual battery count. Trial counsel discussed the language in the indictment and confirmed that he was requesting the charge as to the molestation count. The jury convicted Williams on all counts, rejecting the lesser included offense of sexual battery.

Williams filed a motion for new trial, arguing that he received ineffective assistance of counsel due to counsel's failure to (1) call an expert to rebut the forensic interview, and (2) request a jury charge on the lesser included offense for aggravated sexual battery. At the motion for new trial hearing, appellate counsel called a forensic

---

[2] See *Solis-Macias v. State*, 356 Ga. App. 561 __ (3) (848 SE2d 180, 185 (3)) (2020) (sexual battery is lesser included offense of child molestation charge); *Smith v. State*, 310 Ga. App. 392, 394 (2), 396 (3) (713 SE2d 452) (2011) (sexual battery can be a lesser included offense of both aggravated sexual battery and child molestation if it is supported by the evidence). Aggravated sexual battery includes the element of penetration, whereas sexual battery does not. *Smith*, 310 Ga. App. at 394 (2). And molestation includes an element of intent to arouse, which aggravated sexual battery and sexual battery do not. Id. 395-396 (3).

3

psychologist, who had been retained prior to trial but was not called as a witness, to testify as to the manner of the forensic interview. The psychologist stated that the interview was "one of the better interviews [he'd] seen." He explained that the interview was not overly suggestive, but he opined that it was better not to ask forced-choice questions that offered only two choices as possible answers. Nevertheless, he admitted that, when given a forced-choice question about whether Williams had touched her inside or outside of her vagina, the victim answered "both," thus not selecting either choice the interviewer suggested. The psychologist acknowledged that, at the time he reviewed the interview, he was unaware that there was an issue about whether penetration had actually occurred for purposes of the aggravated sexual battery count. But he stated that there were many possible explanations for the discrepancy between the victim's statement in the interview and her trial testimony. .

Trial counsel then testified that he had spoken with the psychologist before trial and decided not to call him as a witness because there were no glaring problems with the forensic interview. He could not remember if they had discussed the issue of penetration, but he stated that he would have if he had known that the victim would testify at trial that there had been no penetration. Counsel further testified that he

4

asked for the lesser included offense of sexual battery for the molestation charge instead of aggravated sexual battery, even though he believed there was reasonable doubt as to whether penetration occurred.

The trial court denied the motion for new trial, finding that counsel made a reasonable strategic decision not to call the forensic psychologist. As to the request for a jury instruction on the lesser included offense of sexual battery, the trial court found it was reasonable strategy not to request the charge because the defense was that it never happened, and there was no prejudice because it was merely speculative that the outcome of the trial could have been different. The trial court noted that the jury rejected the lesser included offense on the molestation count. Williams appeals from that order, raising the same two claims of ineffective assistance of counsel.

> To succeed on a claim that counsel was constitutionally ineffective, [Williams] must show both that his attorney's performance was deficient, and that he was prejudiced as a result. Under the first prong of this test, counsel's performance will be found deficient only if it was objectively unreasonable under the circumstances and in light of prevailing professional norms. And under the second prong, prejudice is demonstrated only where there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Failure to satisfy either prong of

5

the . . . test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong. And although both the performance and prejudice components of an ineffectiveness inquiry involve mixed questions of law and fact, a trial court's factual findings made in the course of deciding an ineffective assistance of counsel claim will be affirmed by the reviewing court unless clearly erroneous.

(Citation and punctuation omitted.) *Green v. State*, 302 Ga. 816, 817-818 (2) (809 SE2d 738) (2018). Williams has not met his burden.

 (a) *Forensic interview*.

Williams first contends that trial counsel's performance was deficient in failing to call the forensic psychologist to challenge the suggestive questions in the forensic interview, and that he was prejudiced by this failure because the forensic interview was the only evidence that there was penetration for purposes of the aggravated sexual battery charge.

When we consider a claim of ineffective assistance of counsel, we

evaluate[] counsel's performance from counsel's perspective at the time of trial. As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel. In other words, hindsight has no place in an assessment of the performance of trial counsel, and a lawyer second-guessing his own

6

performance with the benefit of hindsight has no significance for an ineffective assistance of counsel claim. A trial counsel's trial tactics and strategic decisions, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them.

(Citations and punctuation omitted.) *Carmichael v. State*, 353 Ga. App. 64, 71-72 (3) (836 SE2d 184) (2019).

Here, counsel made the strategic decision not to call the psychologist because his testimony would not have been helpful in challenging the forensic interview. As the psychologist explained at the motion for new trial hearing, the interview was one of the better ones he had seen; it was not overly suggestive; and even though the interviewer used forced-choice questions about whether Williams touched inside or outside her vagina, the victim selected her own answer. Thus, the psychologist's testimony would not have discredited the interview, and trial counsel's decision not to call this witness was reasonable. See *Gawlak v. State*, 310 Ga. App. 757, 759 (2) (a) (714 SE2d 354) (2011); see also *Brown v. State*, 292 Ga. 454, 456-457 (2) (738 SE2d 591) (2013) (trial counsel's performance was not deficient where she did not

7

call an expert because the experts she consulted expressed doubts about the defense theory).

Trial counsel's testimony that he would have called the psychologist had he known the evidence would not have definitively show penetration does not change the analysis. *Carmichael*, 353 Ga. App. at 71-72 (3). We consider trial counsel's performance at the time of trial and not with the benefit of hindsight. Id. Moreover, it was for the jury to evaluate the evidence and consider any contradictions between the victim's statements at trial and during the forensic interview. *Galvan v. State*, 330 Ga. App. 589, 592 (1) (768 SE2d 773) (2015). Nothing in the expert's review called into question the quality of the forensic interview or would have aided the jury in weighing the testimony and deciding between the conflicting statements. As a result, Williams has not met his burden to show he received ineffective assistance of counsel.

(b) *Jury instruction on lesser included offense.*

Williams next argues that he received ineffective assistance of counsel based on counsel's failure to request a jury instruction on the lesser included offense of sexual battery for the aggravated sexual battery count.

8

At the motion for new trial hearing, trial counsel explained that he was aware of the "vague" evidence of penetration, and that he believed there was reasonable doubt as to the aggravated sexual battery count once the victim testified that Williams had not placed his finger insider her vagina. Counsel also objected to any jury instruction that informed the jury that slight penetration was sufficient. Thus, it was reasonable strategy to pursue an acquittal on that charge rather than give the jury the option of convicting him on the lesser included offense. See *Wells v. State*, 336 Ga. App. 717, 722 (3) (783 SE2d 178) (2016); see also *Sanchez v. State*, 327 Ga. App. 500, 502 (2) (759 SE2d 576) (2014) ("a decision not to request a jury instruction on a lesser offense in order to obtain an outright acquittal is a matter of trial strategy best left to the judgment of counsel after consultation with a client.") (citation and punctuation omitted).

We note that trial counsel testified that he likely just made a mistake in requesting the lesser included instruction on the molestation count but not the aggravated sexual battery count. Even if we were to conclude that the trial court clearly erred in its factual finding that trial counsel made a strategic decision in this regard, thus removing any deference we would give to that finding, Williams has failed to show how he was prejudiced by the instruction as given.

9

To establish prejudice for purposes of an ineffective assistance of counsel claim, Williams must show "a reasonable probability" that the jury would have reached a different result, and he has not met this burden. The jury was charged that slight penetration was sufficient, and there was testimony from a nurse practitioner that touching the "top" of the vagina was penetration. *Hinton v. State*, 304 Ga. 605, 607-608 (2) (820 SE2d 712) (2018) (defendant did not meet burden where evidence would have authorized lesser included jury instruction, but evidence to support lesser included offense was "weak"); *Goss v. State*, 305 Ga. App. 497, 500-501 (2) (c) (699 SE2d 819) (2010) (defendant failed to show prejudice from failure to request lesser included offense instruction given the strength of the case against him). The jury was also instructed that it should acquit Williams if it found that the State had not proven all of the elements of the offense beyond a reasonable doubt, and the jury was able to consider and resolve the inconsistencies in the victim's testimony. Given these facts, and in light of the strength of the evidence to support the aggravated sexual battery charge, it is mere speculation that the jury would have found Williams guilty of the lesser offense with respect to the aggravated sexual battery count had they been so charged, and mere speculation is insufficient to establish prejudice. *Zamora v. State*, 291 Ga. 512, 516 (6) (731 SE2d 658) (2012).

10

(c) *Cumulative effect*.

In a passing reference, Williams also argues that a new trial was warranted due to the combined errors discussed above. Although we may now consider whether the cumulative effect of errors requires a new trial, where, as here there are not multiple errors, there can be no cumulative error. See *State v. Lane*, 308 Ga. 10, 15 (1), 21 (4) (838 SE2d 808) (2020) (applying cumulative error to claims arising from ineffective assistance of counsel but suggesting that cumulative error requires the occurrence of at least two errors during trial); *Crider v. State*, 356 Ga. App. 36, 50 (4) (846 SE2d 205) (2020); *Showers v. State*, 353 Ga. App. 754, 761 (2) (d) (839 SE2d 245) (2020).

*Judgment affirmed. McFadden, C. J., and Rickman, P. J., concur.*